**CASE NO. 25-14153**
**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**MOHAMED HUSSEIN ASKER,**
Plaintiff–Appellant,

v.

**BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING, INC.; FAY SERVICING, LLC; MCCALLA RAYMER LEIBERT PIERCE, LLP/LLC; CITIMORTGAGE, INC.; CITIGROUP INC.; CITIBANK, N.A.; NEUBERGER BERMAN INVESTMENT ADVISORS LLC; QBE INSURANCE CORPORATION; CORELOGIC VALUATION SOLUTIONS, INC.; NATIONWIDE TITLE CLEARING, INC./LLC; FIRSTKEY MORTGAGE, LLC; U.S. BANK NATIONAL ASSOCIATION; U.S. BANCORP,**
Defendants–Appellees.

On Appeal from the United States District Court for the Northern District of Georgia
District Court No. **1:24-cv-05323-LMM-RGV**

# APPELLANT'S OPENING BRIEF

Mohamed Hussein Asker (Pro Se)
907 Emory Street, P.O. Box 54
Oxford, GA 30054
(678) 650-8968

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1, Appellant certifies that the following persons and entities have an interest in the outcome of this case:

1. **Asker, Mohamed Hussein** (Appellant)
2. **Bank of America, N.A.** (Appellee)
3. **Bank of America Corporation** (Parent of Bank of America, N.A.)
4. **Patterson, Danny Jr.** (Counsel for Bank of America, N.A.)
5. **Burbine, Jennifer R.** (Counsel for Bank of America, N.A.)
6. **CitiMortgage, Inc.** (Appellee)
7. **Citigroup Inc.** (Appellee / parent entity)
8. **Coleman, Keisha O.** (Counsel for Citi entities)
9. **Petrie, Andrew J.** (Counsel for Citi entities)
10. **Johnson, Erik L.** (Counsel for Citi entities)
11. **U.S. Bank National Association** (Appellee)
12. **U.S. Bancorp** (Appellee / parent entity)
13. **Select Portfolio Servicing, Inc.** (Appellee)
14. **FirstKey Mortgage, LLC** (Appellee)
15. **McGinnis, Shanon J.** (Counsel for SPS / FirstKey / U.S. Bank)
16. **Pernini, Taylor E.** (Counsel for SPS / FirstKey / U.S. Bank)

17. **CoreLogic Valuation Solutions, Inc.** (Appellee)

18. **Reise, Sarah T.** (Counsel for CoreLogic)

19. **St. George, Timothy** (Counsel for CoreLogic)

20. **McCalla Raymer LLC** (Appellee)

21. **McCalla Raymer Leibert Pierce, LLP/LLC** (Appellee)

22. **Tate, William Oxford** (Counsel for McCalla entities)

23. **Fay Servicing, LLC** (Appellee)

24. **Flynn, Steven James** (Counsel for Fay / related parties)

25. **York, J. Christopher** (Counsel for Fay / related parties)

26. **Williamson, John H.** (Counsel for Fay / related parties)

27. **Ramson, Angela Franceta** (Counsel for Fay / related parties)

28. **Ross, Jeremy B.** (Counsel for Fay and/or Nationwide)

29. **QBE Insurance Corporation** (Appellee)

30. **Scherer, Elizabeth Brooks** (Counsel for QBE)

31. **Nationwide Title Clearing, Inc./LLC** (Appellee)

32. **Citibank, N.A.** (Appellee)

33. **Neuberger Berman Investment Advisors LLC** (Appellee)

34. **May, Hon. Leigh Martin** (U.S. District Judge)

35. **Vineyard, Hon. Russell G.** (U.S. Magistrate Judge)

**CIP Certification:** I certify that I have made a thorough and diligent search of the trial court records and other information available to identify all parties and persons who have an interest in the outcome of this case.

Date: **December 23, 2025**

/s/ Mohamed Hussein Asker

Mohamed Hussein Asker, Pro Se Appellant

# STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument. This appeal turns on a dispositive Rule 15/Foman error: whether the District Court abused its discretion by denying a **pre-judgment** curative amendment "on the merits" while expressly declining to consider the substance of the proposed pleading. The appeal also addresses timeliness errors, including misapplication of Georgia RICO's post-2015 "Termination Rule" to a scheme involving concealment and continuing enforcement through November 2024.

# TABLE OF AUTHORITIES

**Cases**

Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001)
Czeremcha v. Int'l Air Transp. Ass'n, 724 F.2d 1552 (11th Cir. 1984)
Foman v. Davis, 371 U.S. 178 (1962)
Harper v. Glock, Inc., 340 Ga. App. 65 (2017)
Hill v. White, 321 F.3d 1334 (11th Cir. 2003)
Lehman v. Lucom, 727 F.3d 1326 (11th Cir. 2013)
Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 (11th Cir. 2018)

**Statutes & Rules**

28 U.S.C. § 1291
28 U.S.C. § 1331
28 U.S.C. § 1367
O.C.G.A. § 9-3-96
O.C.G.A. § 16-14-8
Fed. R. Civ. P. 15(a)(2)
Fed. R. Civ. P. 59(e)

# JURISDICTIONAL STATEMENT

**District Court Jurisdiction.** The district court had original jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

**Appellate Jurisdiction.** This Court has jurisdiction under 28 U.S.C. § 1291. Final judgment was entered on November 6, 2025. [Doc. 240].

**Timeliness.** Appellant filed a timely motion under Fed. R. Civ. P. 59(e) on November 12, 2025. [Doc. 242]. The court disposed of that motion on November 14, 2025. [Doc. 243]. Appellant filed his notice of appeal on November 21, 2025. [Doc. 245].

# STATEMENT OF THE ISSUES

1. **Rule 15 / Foman Issue.** Whether the district court abused its discretion by denying leave to file the PSAC "on the merits" while expressly stating it "did not need to consider the substance" of the proposed pleading, thereby failing to assess whether the PSAC cured the defects identified below.
2. **Georgia RICO Timeliness.** Whether the district court erred in treating Georgia RICO claims as time-barred where (a) statutory fraud tolling

preserved the claim through July 1, 2015 (the Harper gate), and (b) the racketeering conduct continues through 2024 under O.C.G.A. § 16-14-8.

3. **Federal RICO Separate Accrual.** Whether the district court erred by ignoring separate accrual where 2024 lien-enforcement acts inflicted new, independent property injury (clouding title and impairing marketability) distinct from the 2011 foreclosure.

---

# STATEMENT OF THE CASE

## A. Course of Proceedings and Disposition Below

On September 9, 2025, the Magistrate Judge issued a Final Report and Recommendation ("R&R") recommending dismissal. [Doc. 218]. Appellant filed Objections [Doc. 222] and, before judgment, moved for leave to file the Proposed Seventh Amended Complaint ("PSAC"), attaching the full proposed pleading. [Doc. 223; Doc. 223-1].

On November 6, 2025, the district court adopted the R&R, dismissed the action, and denied the PSAC motion as "moot." [Doc. 239]. Judgment entered the same day. [Doc. 240].

After Appellant filed a timely Rule 59(e) motion requesting a merits ruling on the PSAC [Doc. 242], the court amended its ruling to deny leave "on the merits,"

while stating it "did not need to consider the substance" of the proposed pleading. [Doc. 243 at 5]. Appellant timely appealed. [Doc. 245].

## B. Factual Background: The "Fraud-for-Profit Pipeline" and "Double Dip"

The Enterprise executed a continuous fraud-for-profit pipeline designed to "double dip": suppressing a major principal component for transfers/reporting, then re-boarding and enforcing that same component later.

### Phase 1 — Engineered Default and "Shadow Note" Configuration

The scheme began with the "Freddie Mac I" HAMP Backup Modification that explicitly deferred **$281,800.00** in principal. [Appx. A-9A]. The BOA ledger reflects the same amount as a principal adjustment and later reflects a drastically reduced "total balance," consistent with a two-bucket structure (public balance vs. deferred component). [Appx. A-9B].

### Table A — Ledger Entries Showing Deferred Principal vs. "Total Balance"

| Date | Description | Amount | Appendix Ref |
|---|---|---|---|
| 09/20/2012 | PRINCIPAL ADJUST | $281,800.00 | Appx. A-9B |
| 01/15/2014 | TOTAL BALANCE | $45,063.22 | Appx. A-9B |

### Phase 2 — NPV Manipulation, Escrow Drain, and Equity Strip

To force default/foreclosure posture, BOA used force-placed insurance costs to drive expenses upward and drain escrow.

A BAC Home Loans letter disclosing NPV inputs lists **monthly insurance/real estate taxes/HOA fees of $1,938.29**—a key cost driver in the NPV model. [Appx. A-10B]. Soon after, the BOA ledger reflects a concentrated blitz of insurance charges over ten days. [Appx. A-10A].

**Table 1 — Escrow Drain (10-Day Blitz)** (BOA Ledger)

| Date | Transaction | Stated Charge | Appendix Ref |
|---|---|---|---|
| 10/24/2011 | HAZARD INS PMT | $9,999.00 | Appx. A-10A |
| 10/24/2011 | HAZARD INS PMT | $1,750.00 | Appx. A-10A |
| 11/03/2011 | HAZARD INS PMT | $4,343.00 | Appx. A-10A |
| **TOTAL** | | **$16,092.00** | Appx. A-10A |

On November 1, 2011, the Deed Under Power reflects a suppressed foreclosure bid/sale price of **$340,167.49**. [Appx. A-11]. An independent BB&T appraisal valued the property at **$900,000.00**, reflecting substantial equity that was effectively stripped. [Appx. A-19].

- **Equity impact:** The suppressed foreclosure bid (Appx. A-11), compared to independent value (Appx. A-19), shows substantial equity was erased—functionally wiping out junior-lien value.

### Phase 2 (continued) — "Three/Four Books" Valuation Carousel

The record also reflects inconsistent valuations used in different contexts:

### Table 2 — Valuation "Books" Across Contexts

| Context | Value Reported | Appendix Ref |
|---|---|---|
| Foreclosure bid / sale price (recorded) | $340,167.49 | Appx. A-11 |
| Independent appraisal (BB&T) | $900,000.00 | Appx. A-19 |
| Bankruptcy valuation | ~$320,000.00 | Appx. A-13 |
| IRS Form 1099-A (FMV / debt) | $0.00 / $0.00 | Appx. A-20 |
| Insurance coverage valuation | $2,086,000.00 | Appx. A-12 |

### Phase 3 — Re-Boarding and the "Double Dip" (2014–2024)

After the file was "cleansed," the loan was transferred at the low current-balance posture and then re-boarded at a much higher balance.

### Table 3 — "Shell Game" Balance Transfers

| Date | Event / Document | Balance Stated | Appendix Ref |
|---|---|---|---|
| 02/10/2014 | Transfer to Fay | $45,063.22 | Appx. A-21 |
| 03/2014 | Fay statement | $386,601.91 | Appx. A-15 |
| 06/19/2018 | SPS disclosure | $324,399.54 | Appx. A-16 |

SPS later expressly disclosed the two-bucket breakdown:

### Table 4 — Two-Bucket Disclosure (SPS Letter, June 19, 2018)

| Balance Type | Amount | Appendix Ref |
|---|---|---|
| Interest-bearing principal | $42,599.54 | Appx. A-16 |
| Deferred principal | $281,800.00 | Appx. A-16 |

The enforcement posture continues. On November 11, 2024, SPS issued a "Notice regarding lien status," maintaining lien rights and enforcement posture. [Appx. A-18].

# SUMMARY OF ARGUMENT

The District Court committed reversible error under Rule 15 and Foman by denying a pre-judgment curative amendment "on the merits" while expressly refusing to consider the substance of the proposed pleading. [Doc. 243 at 5]. That is a failure to exercise discretion, and it cannot be harmless where the PSAC was specifically drafted to cure the R&R's defects.

The District Court's futility/timeliness reasoning was also incorrect. Georgia RICO is timely because fraud tolling preserved the claim through July 1, 2015 (the Harper gate), and the conduct has not "terminated" given continuing enforcement through November 2024 under O.C.G.A. § 16-14-8. Federal RICO is timely under separate accrual because the 2024 lien-status notice inflicted a new, independent property injury—renewed cloud on title and impaired marketability—distinct from the 2011 foreclosure.

# STANDARD OF REVIEW

Denial of leave to amend is reviewed for abuse of discretion, but Rule 15's policy is liberal and discretion is constrained. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). A district court abuses its discretion when it applies the wrong

legal standard or refuses the required analysis. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). Legal conclusions, including timeliness and futility determinations, are reviewed de novo. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

---

# ARGUMENT

## I. THE DISTRICT COURT ABUSED ITS DISCRETION BY REFUSING TO CONSIDER THE SUBSTANCE OF THE PROPOSED CURE.

Rule 15(a)(2) provides that leave to amend should be "freely" given when justice so requires. Foman v. Davis, 371 U.S. 178 (1962). Here, the PSAC motion was filed and briefed before judgment. [Doc. 223; Doc. 223-1]. Yet the court denied leave "on the merits" while stating it "did not need to consider the substance of the proposed seventh amended complaint." [Doc. 243 at 5].

That is reversible error. A court cannot meaningfully deny leave for "failure to cure" or "futility" without reviewing the proposed cure itself. Bryant, 252 F.3d at 1163; see also Czeremcha, 724 F.2d at 1556 (distinguishing pre-judgment amendment posture from post-judgment hurdles).

**The PSAC was structurally overhauled to address the R&R.**

| Defect Identified in R&R [Doc. 218] | Specific Cure in PSAC [Doc. 223-1] |
|---|---|
| Shotgun / global incorporation | **Count-specific incorporation.** PSAC ¶¶ **43, 45.** |
| Rule 9(b) particularity | **Predicate-act table.** PSAC ¶ **40 & Ex. P-1.** |
| Timeliness | **2024 enforcement act allegations.** PSAC ¶¶ **22, 36** (Nov. 11, 2024, lien-status notice). |

Because the court expressly declined to consider the PSAC's substance, its "on the merits" denial was not a valid exercise of discretion and must be vacated. [Doc. 243 at 5].

# II. GEORGIA RICO IS TIMELY (FRAUD TOLLING + TERMINATION RULE).

## A. Step 1 — Fraud tolling preserved the claim through July 1, 2015 (Harper gate).

To apply the post-2015 amendment to O.C.G.A. § 16-14-8 (the "Termination Rule"), the claim must have been legally viable on July 1, 2015. Harper v. Glock, Inc., 340 Ga. App. 65 (2017). Here, statutory fraud tolling under O.C.G.A. § 9-3-96 preserved viability because Defendants' affirmative misrepresentations deterred suit.

On October 25, 2013, BOA's CEO/Executive letter represented the account was "book-lossed" and "paid through" October 2013. [Appx. A-14]. That statement reasonably deterred action by representing the delinquencies as resolved.

Subsequent transfer communications continued the low-balance posture, further concealing the deferred principal component until SPS's June 19, 2018 disclosure. [Appx. A-21; Appx. A-22; Appx. A-16]. Thus, the claim was not time-barred before July 1, 2015.

**B. Step 2 — The conduct has not terminated; the five-year window has not begun.**

Under O.C.G.A. § 16-14-8 as amended, a civil RICO action may be commenced up to five years after the racketeering conduct terminates. The November 11, 2024 lien-status notice is a fresh enforcement step maintaining lien rights and enforcement posture. [Appx. A-18]. Because the conduct continues, the limitations period has not begun to run.

## III. FEDERAL RICO IS TIMELY UNDER SEPARATE ACCRUAL.

Civil RICO has a four-year limitations period, and the Eleventh Circuit recognizes separate accrual for new injuries caused by new predicate acts. Lehman v. Lucom, 727 F.3d 1326 (11th Cir. 2013).

Here, Appellant does not seek to re-litigate 2011 foreclosure damages through bootstrapping. The November 11, 2024, lien-status notice inflicted a **new, independent property injury** by renewing the cloud on title and impairing current marketability. [Appx. A-18]. That present-day impairment is distinct from

historical effects of the 2011 foreclosure and supports separate accrual under Lehman.

## IV. THE VALUATION FRAUD EVIDENCE SUPPORTS PLAUSIBLE INTENT.

The record reflects materially inconsistent valuations used in different contexts (Table 2). No legitimate methodology explains simultaneous reporting of **$0.00** on IRS Form 1099-A while maintaining enforcement posture on a six-figure balance. [Appx. A-20; Appx. A-18]. Together with the inflated insurance valuation and force-placed escrow drains (Table 1; Appx. A-12), these contradictions support a plausible inference of intent to defraud.

# CONCLUSION

Appellant respectfully requests that this Court **VACATE** the dismissal and **REMAND** with instructions for the District Court to grant leave to file the Proposed Seventh Amended Complaint, or at minimum to evaluate the PSAC under the proper Rule 15/Foman framework.

Date: **December 23, 2025**
Respectfully submitted,
/s/ Mohamed Hussein Asker
Mohamed Hussein Asker, Pro Se Appellant
907 Emory Street, P.O. Box 54
Oxford, GA 30054
(678) 650-8968

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains **2439** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Date: **December 23, 2025**
/s/ Mohamed Hussein Asker
Mohamed Hussein Asker, Pro Se Appellant

# CERTIFICATE OF SERVICE

I certify that on **December 23, 2025**, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I further certify that all participants are registered CM/ECF users and service will be accomplished by the CM/ECF system.

Date: **December 23, 2025**
/s/ Mohamed Hussein Asker
Mohamed Hussein Asker