IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**CASE NO. 25-14153**

---

**MOHAMED ASKER**

***Plaintiff-Appellant,***

**v.**

**BANK OF AMERICA, N.A., *et al.*,**

***Defendants-Appellees.***

---

Appeal from the United States District Court for the Northern District of Georgia
Case No. 1:24-cv-05323-LMM, The Honorable Leigh Martin May

---

# RESPONSE BRIEF OF DEFENDANTS-APPELLEES FAY SERVICING, LLC, CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST, AND NEUBERGER BERMAN INVESTMENT ADVISERS, LLC

---


Steven J. Flynn
Georgia Bar No. 313040
steven.flynn@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
(404) 870-4673 (direct telephone)
(404) 872-5547 (facsimile)
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

The undersigned counsel of record for Defendants-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC certifies, pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Local Rules 26.1-1, 26.1-2, and 26.1-3, that the following is a complete alphabetical list of all parties that have an interest in the outcome of this appeal, including all parties in this action, any parent corporation and any publicly-held corporation that owns 10% or more of the stock of a party:

A. Asker, Mohamed Hussein – Plaintiff-Appellant;

B. Aubrey Thrasher, LLC - Law firm for Defendant-Appellee Nationwide Title Clearing, Inc.;

C. Ballard Spahr LLP – Law firm for Defendants-Appellees Citimortgage, Inc., Citibank, N.A., and Citigroup, Inc.;

D. Bank of America, N.A. - Defendant-Appellee;

E. Burbine, Jennifer R. – Attorney for Defendant Bank of America, N.A.;

F. Citibank, N.A. - Defendant-Appellee;

G. Citibank, N.A., as Trustee for CMLT1 Asset Trust –

Defendant-Appellee;

H. Citicorp, Inc. – Corporate parent of Citibank, N.A. Citicorp, Inc. Citigroup Inc. is a publicly traded corporation (NYSE: C). No publicly held corporation owns 10% or more of Citigroup Inc.'s stock.;

I. Citigroup, Inc. - Defendant-Appellee. Citigroup Inc. is a publicly traded corporation (NYSE: C). No publicly held corporation owns 10% or more of Citigroup Inc.'s stock.;

J. CitiMortgage, Inc. - Defendant-Appellee;

K. Coleman, Keisha Oldacre - Attorney for Defendants-Appellees CitiMortgage, Inc., Citibank, N.A., and Citigroup, Inc.;

L. CoreLogic Valuation Solutions, Inc.;

M. Dale R. F. Goodman, Goodman, & Goodman, P.C. – Defendant-Appellee;

N. Fay Financial, LLC – Parent corporation of Fay Servicing, LLC. No publicly held corporation owns 10% or more of stock in Fay Financial, LLC.;

O. Fay Servicing, LLC – Defendant-Appellee;

P. FirstKey Mortgage LLC – Defendant-Appellee;

Q. Flynn, Steven J.- Attorney for Defendants-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC;

R. Fox Rothschild LLP – Law firm for Defendant QBE Insurance Corporation;

S. Great Hill Partners LLC - Defendant-Appellee;

T. Johnson, Eric – Attorney for Defendants-Appellees Citimortgage, Inc., Citibank, N.A., and Citigroup, Inc.;

U. LandSafe Appraisal Services, Inc – Defendant-Appellee.;

V. May, Hon. Leigh Martin - United States District Judge;

W. McCalla Raymer Leibert Pierce, LLC - Defendant-Appellee;

X. McCalla Raymer Leibert Pierce, LLC- law firm for Defendants-Appellees McCalla Raymer Leibert Pierce, LLC and McCalla Raymer, LLC;

Y. McCalla Raymer, LLC - Defendant-Appellee;

Z. McGinnis, Shannon J. – Attorney for Defendants-Appellees U.S. Bank National Association, U.S. Bancorp, Select Portfolio Servicing, Inc., FirstKey

Mortgage, LLC, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc.;

AA. McGuire Woods LLP – Law firm for Defendant-Appellee Bank of America, N.A.;

BB. MERSCORP Holdings, as parent of Mortgage Electronic Registrations Systems, Inc.- Defendant-Appellee;

CC. Mortgage Electronic Registrations Systems, Inc. – Defendant-Appellee;

DD. Nationwide Title Clearing, Inc. - Defendant-Appellee;

EE. NBSH Acquisition, LLC - Parent company of Neuberger Berman Advisers LLC. No publicly held corporation owns 10% or more of stock in NBSH Acquisition LLC;

FF. Neuberger Berman AA LLC – Owner of Defendant-Appellee Neuberger Berman Advisers LLC. No publicly held corporation owns 10% or more of stock in Neuberger Berman AA LLC;

GG. Neuberger Berman Group LLC – Parent company of Neuberger Berman Advisers LLC. No publicly held corporation owns 10% or more of stock in Neuberger Berman Group LLC;

HH. Neuberger Berman Investment Advisers Holdings LLC- Owner of Defendant-Appellee Neuberger Berman Advisers LLC. No publicly held corporation owns 10% or more of stock in Neuberger Berman Investment Advisers Holdings LLC;

II. Neuberger Berman Investment Advisers LLC – Defendant-Appellee;

JJ. Patterson, Jr., Danny – Attorney for Defendant Bank of America, N.A.;

KK. Pernini, Taylor E.- Attorney for Defendants-Appellees U.S. Bank National Association, U.S. Bancorp, Select Portfolio Servicing, Inc., FirstKey Mortgage, LLC, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc.;

LL. Petrie, Andrew J. - Attorney for Defendants-Appellees Citimortgage, Inc., Citibank, N.A., and Citigroup, Inc.

MM. Phelan, Daniel D. - Defendant-Appellee;

NN. QBE Insurance Group Limited- Defendant-Appellee;

OO. Ramson, Angela Franceta – Attorney for Defendant QBE Insurance Corporation;

PP. Reise, Sarah Tope – Attorney for Defendant- Appellee CoreLogic Valuation Solutions, Inc.;

QQ. Ross, Jeremy B. – Attorney for Defendant – Appellee Nationwide Title Clearing, LLC;

RR. Scherer, Elizabeth Brooks- Attorney for Defendant-Appellee QBE Insurance Corporation;

SS. Select Portfolio Servicing, Inc. – Defendant-Appellee;

TT. St. George, Timothy - Attorney for Defendant- Appellee CoreLogic Valuation Solutions, Inc.;

UU. Tate, William Oxford- Attorney for Defendants-Appellees McCalla Raymer Leibert Pierce, LLC and McCalla Raymer, LLC;

VV. Troutman Pepper Locke LLP – law firm for - Defendant-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, Neuberger Berman Investment Advisers, LLC, and CoreLogic Valuation Solutions, Inc.

WW. U.S. Bancorp, as parent of U.S. Bank National Association – Defendant-Appellee;

XX. U.S. Bank National Association, not in its individual

capacity but as Trustee for the Towd Point Mortgage Trust 2017-2 – Defendant-Appellee;

YY. Vettel, Matthew T. - Defendant-Appellee;

ZZ. Vineyard, Hon. Russell G. – United States Magistrate Judge;

AAA. Wargo French & Singer LLP- Law firm for Defendants Appellees U.S. Bank National Association, U.S. Bancorp, Select Portfolio Servicing, Inc., FirstKey Mortgage, LLC, MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc.;

BBB. Williamson and York, LLC- Law firm for Defendants-Appellees Matthew T. Vettel and Great Hill Partners, LLC;

CCC. Williamson, John H. – Attorney for Defendants-Appellees Matthew T. Vettel and Great Hill Partners, LLC; and

DDD. York, Christopher J. – Attorney for Defendants-Appellees Matthew T. Vettel and Great Hill Partners, LLC.

RESPECTFULLY SUBMITTED, this 23rd day of February, 2026.

/s/ Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040
steven.flynn@troutman.com
TROUTMAN PEPPER LOCKE LLP
(404) 870-4673 (direct telephone)
(404) 872-5547 (facsimile)
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
*Counsel for Defendants-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC*

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC do not believe that oral argument is necessary to determine the issues presented in this appeal. The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. However, in the event the Court wishes to hear oral argument in this matter, Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC are ready and willing to participate fully in oral argument before the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ....... i

STATEMENT REGARDING ORAL ARGUMENT ....... ix

TABLE OF CONTENTS ....... x

TABLE OF CITATIONS ....... xi

STATEMENT OF APPELLATE JURISDICTION ....... 1

STATEMENT OF THE ISSUES ....... 2

STATEMENT OF THE CASE ....... 2

A. Factual Background ....... 2

B. Procedural History ....... 3

STANDARDS OF REVIEW ....... 9

1. Motion to Dismiss ....... 9

2. Leave to Amend ....... 11

SUMMARY OF THE ARGUMENT ....... 12

ARGUMENT ....... 14

A. The District Court Did Not Err in Dismissing Asker's Complaints for Failure to State a Claim. ....... 14

B. The District Court Correctly Denied Asker Leave to Amend to File a Proposed Seventh Amended Complaint. ....... 15

CONCLUSION ....... 16

CERTIFICATE OF COMPLIANCE ....... 18

CERTIFICATE OF SERVICE ....... 199

# TABLE OF CITATIONS

**Page(s)**

## Statutes

18 U.S.C. § 1341 .....5

18 U.S.C. § 1343 .....5

18 U.S.C. § 1962(c) .....4

28 U.S.C. §§ 1291 and 1294(1) .....1

28 U.S.C. § 1331 .....1

28 U.S.C. § 1367 .....1

O.C.G.A. § 10-5-50 .....6

O.C.G.A. § 16-8-100, *et seq.* .....7

O.C.G.A. § 16-9-126(a)(1) .....5

O.C.G.A. § 16-14-4(a) .....6

O.C.G.A. § 16-14-4(b) .....6

O.C.G.A. § 16-14-4(c) .....6

Predicate Act .....14

RICO .....4, 5, 6

## Rules

Eleventh Circuit Local Rules 26.1-1 .....i

Eleventh Circuit Local Rule 26.1-2 .....i

Eleventh Circuit Local Rule 26.1-3 .....i

Fed. R. App. P. § 26.1 .....i

Fed. R. App. P. 32 .....17

Fed. R. App. P. 32(a)(7)(B) .......... 17

Fed. R. App. P. 32(f) .......... 17

Fed. R. Civ. P. 15 .......... 11, 15, 16

Fed. R. Civ. P. 15(a)(1)(A), (B) .......... 11

Fed. R. Civ. P. 15(a)(2) .......... 11

Fed. R. Civ. P. 41(b) .......... 4

FRCP 12(b)(6) .......... 9, 11

**<u>Cases</u>**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937 (2009) .......... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955 (2007) .......... 10

*Burger King Corp. v. Weaver*,
169 F.3d 1310 (11th Cir. 1999) .......... 12

*Equity Lifestyle Properties, Inc. v. Florida Mowing And Landscape, Inc.*,
556 F.3d 1232 (11th Cir. 2009) .......... 11

*Fla. Power & Light Co. v. Allis Chalmers Corp.*,
85 F.3d 1514 (11th Cir. 1996) .......... 12

*Foman v. Davis*,
371 U.S. 178, 83 S.Ct. 227 (1962) .......... 11, 15

*Kennebrew v. Cobb Cnty. School Dist.*,
No. 1:15-cv-02495-RWS-CMS, 2016 WL 1569118 (N.D. Ga. Mar. 17, 2016) .......... 11, 12

*Marshall County Bd. Of Educ. V. Marshall County Gas Dist.*,
*992 F.2d 1171* (11th Cir. 1993) .......... 10

*Maynard v. Bd. of Regents*,
342 F.3d 1281 (11th Cir. 2003) .......... 12

*McKeever v. Liberty Mut. Group Inc.*,
487 Fed. App'x 487 (11th Cir. 2012) ....................................................11

*Mizzaro v. Home Depot, Inc.*,
544 F.3d 1230 (11th Cir. 2008) ..........................................................12

*Oxford Asset Mgmt. v Jaharis*,
297 F.3d 1182 (11th Cir. 2001) ..........................................................10

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
792 F.3d 1313 (11th Cir. 2015) ..........................................................14

## STATEMENT OF APPELLATE JURISDICTION

This district court had jurisdiction over the underlying lawsuit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 1294(1).

## STATEMENT OF THE ISSUES

1. Whether the district court correctly dismissed the case for failure to state a claim.

2. Whether the district court abused its discretion in denying Appellant Asker's Motion for Leave to Amend to File his Proposed Seventh Amended Complaint.

## STATEMENT OF THE CASE

### A. Factual Background

This case arises out of an alleged wrongful foreclosure sale of Appellant Mohamed Hussein Asker's ("Asker") real property located in Newton County, Georgia. *See* DE[1] 57 ¶¶ 1, 7, 9; DE 58 ¶¶ 24, 28, 30. Asker alleges that the defendants and others engaged in a multilayer "fraud for profit" enterprise that targeted his mortgage and property and "exploited bankruptcy proceedings, imposed discriminatory 'terrorism' insurance tied to [Asker's] Muslim faith, and caused severe, financial, emotional, and reputational harm." *See* DE 218 (magistrate judge Final Report and Recommendation), p. 6 (citing DE 57 ¶¶ 1-2, 29; Doc. 58 ¶¶ 24-28, 53).

[1] "DE" refers to the district court's docket number entry for a particular filing.

B. Procedural History

Appellant Mohamed Hussein Asker ("Asker") filed his initial 403-page, 1500-paragraph Complaint in this action on December 2, 2024. DE 1. On December 9, 2024, Asker filed an amended complaint, purporting to add QBE Insurance Group Limited, Neuberger, and Nationwide Title Clearing, Inc. as additional party-defendants (the "First Amended Complaint"). DE 10. On December 13, 2024, Asker filed another amendment to his pleadings, purporting to "formally correct the addresses" for defendants Mortgage Electronic Registration Systems, Inc. and U.S. Bank National Association (the "Second Amended Complaint"). DE 16.

On December 17, 2024, the district court magistrate judge entered a *sua sponte* Order striking Asker's original Complaint as an impermissible shotgun pleading, as well as Asker's two amendments thereto (DE 10 and DE 16). *See* DE 18. The district court's Order granted Asker 21 days, or until January 7, 2025, to "file an amended complaint consistent with [the Court's] Order that complies with the Federal Rules of Civil Procedure." DE 18, p. 8. The district court's Order admonished Asker that if he "should fail to timely file an amended complaint, or should he file an amended complaint that does not comply with the [district] [c]ourt's instructions, it may result in a recommendation that this case be dismissed

pursuant to Federal Rule of Civil Procedure 41(b) and this Court's Local Rules." *Id.* at 9.

On January 13, 2025, six (6) days after the district court's deadline for him to do so had expired, Asker filed an untimely Third Amended Complaint. DE 20. On April 7, 2025, the district court entered an Order striking Asker's Third Amended Complaint (DE 20) as an impermissible shotgun pleading and ordered Asker to file an appropriate amended complaint that complied with the Federal Rules of Civil Procedure and the district court's December 17, 2024 Order (DE 18) on or before April 21, 2025. DE 56. The district court admonished Asker that the Fourth Amended Complaint would be Asker's final opportunity "to file an amended complaint that is not a shotgun pleading and that complies with the Federal Rules of Civil Procedure and the Court's Order of December 17, 2024…." DE 56, pp. 3-4.

On April 21, 2025, Asker filed a Fourth Amended Complaint. DE 57. The Fourth Amended Complaint asserted claims for relief against Fay Servicing and Neuberger for:

1. Violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c) (Count 3) (alleging that the defendants "[o]perated in association-in-fact enterprise through mail, wire, identify, bank & bankruptcy fraud") (DE 57, ¶ 49);

2. Violation of the RICO Act, 18 U.S.C. § 1962(a) (Count 5) (alleging that the "Enterprise Defendants" acted to "[r]e-invest[] foreclosure proceeds back into the enterprise") (DE 57, ¶ 50);
3. Violation of the RICO Act, 18 U.S.C. § 1962(b) (Count 6) (alleging that Fay Servicing, U.S. Bank National Association, and U.S. Bancorp "[m]aintained control via forced insurance, forged assignments, and false ledgers") (DE 57, ¶ 51);
4. Conspiracy to violate the RICO Act, 18 U.S.C. § 1962(d) (Count 7) (alleging that the defendants "[a]greed to commit racketeering acts beginning July 2010") (DE 57, ¶ 52);
5. Mail Fraud (Count 8) (18 U.S.C. § 1341) (alleging that "[a]ny Defendant using U.S. Mail" participated in the mailing of "forged notes, false statements, and terrorism riders") (DE 57, ¶ 53);
6. Wire Fraud (18 U.S.C. § 1343) (Count 9) (alleging that "[a]ny Defendant using electronic communications" participated in the electronic recording of "forged assignments" and "sent fraudulent payoffs and appraisals") (DE 57, ¶ 54);
7. Identity Fraud (O.C.G.A. § 16-9-126(a)(1)) (Count 19) (Fay Servicing only) (alleging that Bank of America, N.A., McCalla Ramer Leibert

Pierce, LLC, and Fay Servicing "[u]sed Plaintiff's personal data to create and file [the] forged 'Freddie Mac I' note") (DE 57, ¶ 54);

8. Georgia Securities Fraud (O.C.G.A. § 10-5-50) (Count 20) (Neuberger only) (alleging that Bank of America, N.A. and Neuberger "[m]arketed forged notes as valid securities") (DE 57, ¶ 65);
9. Georgia RICO Acquisition (O.C.G.A. § 16-14-4(a)) (Count 23) (alleging that the "Enterprise Defendants" took action to "maintain[] control of the enterprise through predicate acts of mail, wire, and bank fraud") (DE 57, ¶ 68);
10. Georgia RICO Conduct (O.C.G.A. § 16-14-4(b)) (Count 24) (alleging that the "Enterprise Defendants" took action to "participate[] in the affairs of the enterprise through forgery, fraud, and extortion") (DE 57, ¶ 69);
11. GA RICO Conspiracy (O.C.G.A. § 16-14-4(c)) (Count 25) (alleging that the defendants "[c]onspired to commit multiple predicate acts to further the enterprise") (DE 57, ¶ 70);
12. Piercing the Veil and violation of the Georgia RICO Act (Count 30) (alleging that Bank of America, "Citi," Great Hill Partners, and U.S. Bancorp "[m]anipulated shell entities to shield parent corporations while laundering racketeering proceeds") (DE 57, ¶ 75); and

13. Residential Mortgage Fraud (O.C.G.A. § 16-8-100, *et seq.*) (Count 31) (Fay Servicing only) (alleging that Bank of America, N.A., Fay Servicing, McCalla Ramer Leibert Pierce, LLC, Select Portfolio Servicing, Inc., and U.S. Bank National Association "[f]iled and ratified false mortgage instruments and foreclosure affidavits") (DE 57, ¶ 76).

On April 29, 2025, without seeking or obtaining leave of Court to do so, Asker filed an unauthorized and inoperative Fifth Amended Complaint.[2] DE 58. Because the Fifth Amended Complaint was filed without Asker first seeking or obtaining leave of Court to file it, the Fifth Amended Complaint was inoperative, and Fay Servicing, Citibank as Trustee, and Neuberger therefore moved to dismiss Asker's operative Fourth Amended Complaint (DE 57).

On August 7, 2025, Asker filed a motion seeking leave of Court to file the unauthorized Fifth Amended Complaint *nunc pro tunc*. DE 178. Fay Servicing, Citibank as Trustee, and Neuberger responded in opposition to that motion on August 20, 2025. DE 192. Asker filed a motion seeking leave to file a proposed *Sixth Amended Complaint* on August 12, 2025 (DE 187), which certain defendants (including Fay Servicing, Citibank as Trustee, and Neuberger) opposed (DE 195, 203, 206).

[2] Plaintiff purported to add "Citibank, N.A." as an additional party-defendant in the unauthorized Fifth Amended Complaint (DE 58).

Numerous defendants filed motions to dismiss either Asker's Fourth Amended Complaint or his Fifth Amended Complaint (*see* DE 89, 102, 132, 137, 138, 141, 173, 175, and 181), which Asker opposed (*see* DE 99, 105, 134, 144, 152, 161, 176, 185, 191, and 201). On September 9, 2025, the magistrate judge (the Honorable Russell G. Vineyard) issued a Final Report and Recommendation (DE 218) in which the magistrate judge recommended, in pertinent part, that each of these motions to dismiss filed by the defendants be granted, that all of Asker's remaining motions be denied (or denied as moot), and that the case be dismissed. *See* DE 218. Principally, the magistrate judge recommended dismissal based upon Asker's failure to file a pleading (or amended pleading) that was not a shotgun pleading and that complied with the requirements for pleadings filed in federal court after being afforded multiple opportunities to do so. *See* DE 218, pp. 12-18. The magistrate judge also concluded, in pertinent part, that the case "also is due to be dismissed because Asker's claims are barred by the applicable statute of limitation, and equitable tolling is not warranted." DE 218, p. 32.

Asker filed objections to the magistrate judge's final report and recommendation on September 24, 2025 (DE 222), which certain defendants (including Fay Servicing, Neuberger, and Citi, as Trustee) responded to (DE 224, 225, 229). On November 6, 2025, the district judge (the Honorable Leigh Martin May) adopted the magistrate judge's Final Report and Recommendation, denied

Asker's request to file the proposed Seventh Amended Complaint as moot, and dismissed this case. DE 239. Judgment was entered in favor of the defendants that same day. DE 240.

Asker filed a motion to alter or amend the dismissal order and judgment on November 10, 2025, requesting that the district court docket Asker's proposed Seventh Amended Complaint (DE 223-1) as the operative pleading in the case, or enter an order granting or denying leave to amend as to the proposed Seventh Amended Complaint on the merits. DE 242, pp. 6-7. On November 14, 2025, the district judge granted Asker's motion for leave to amend in part, clarifying that its previous denial of Asker's motion for leave to amend to file the proposed Seventh Amended Complaint should have been denied not on mootness grounds, but instead "because it failed on the merits." DE 243, p. 4. The remainder of the district court's November 6, 2025 dismissal order (DE 239) remained in effect. *Id.* at pp. 5-6.

Plaintiff filed his notice of appeal to this Court on November 21, 2025. DE 245. This appeal followed.

## STANDARDS OF REVIEW

1. Motion to Dismiss

Under FRCP 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6) (alteration

supplied). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949-50 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, plaintiffs are required to make factual allegations which are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (alteration in original) (quoting Twombly, 550 U.S. at 557, 127 S.Ct. at 1955).

Although a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt. v Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2001). The Court may dismiss a complaint "when, on the basis of a dispositive issue of law, no construction of the

factual allegations will support the cause of action." *Marshall County Bd. Of Educ. V. Marshall County Gas Dist., 992 F.2d 1171, 1174* (11th Cir. 1993).

2. Leave to Amend

Federal Rule of Procedure 15, which governs amendments to pleadings, provides, in pertinent part, as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A), (B). "'In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Kennebrew v. Cobb Cnty. School Dist.*, No. 1:15-cv-02495-RWS-CMS, 2016 WL 1569118, at *6 (N.D. Ga. Mar. 17, 2016) (quoting Fed. R. Civ. P. 15(a)(2)), report and recommendation adopted at 2016 WL 1557224 (N.D. Ga. Apr. 18, 2016). A district court's denial of leave to amend is reviewed for abuse of discretion. *McKeever v. Liberty Mut. Group Inc.*, 487 Fed. App'x 487, 488 (11th Cir. 2012).

"In deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Equity Lifestyle*

*Properties, Inc. v. Florida Mowing And Landscape, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)); *Kennebrew*, 2016 WL 1569118, at *6 ("'Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" (quoting *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003)). "A claim is futile if it cannot withstand a motion to dismiss." *Kennebrew*, 2016 WL 1569118, at *7 (citing *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996)). *See also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law"). "Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

## **SUMMARY OF THE ARGUMENT**

The district court did not err in dismissing this case for failure to state a claim or in denying Asker's motion for leave to further amend his pleadings. During the approximately 12-month period that this case was pending in the district court, the district court afforded Asker numerous opportunities to file a

pleading that conformed with federal court pleading standards and stated a viable claim for relief against some or all of the (numerous) defendants in this case, yet Asker wholly failed to do so. Both the magistrate judge and the district judge examined Asker's filings and the procedural history of this case in exhaustive detail before correctly concluding that dismissal was appropriate for a case that, despite having more than 240 docket entries within a roughly one-year period, had yet to progress past the initial pleadings stage. The district court's rulings should be affirmed in their entirety. The district court also did not err in concluding that Asker's claims for relief (particularly as against Fay Servicing, Neuberger, and Citi, as Trustee) were barred by the applicable statutes of limitations and that equitable tolling did not apply to salvage Asker's claims.

The district judge's decision to deny Asker leave to file a Seventh Amended Complaint should also be affirmed because the litigation history in this case plainly demonstrates that Asker was either unwilling or unable to file a pleading that was (a) not a shotgun pleading and (b) stated a viable claim for relief against any of the numerous defendants in this case, despite being granted multiple opportunities by the district court to do so.

The district court's orders should be affirmed in their entirety.

## ARGUMENT

### A. The District Court Did Not Err in Dismissing Asker's Complaints for Failure to State a Claim.

The magistrate judge and the district judge correctly concluded that Asker's Fourth Amended Complaint and his (unauthorized) Fifth Amended Complaint failed to state a claim upon which relief can be granted. First, the district court correctly concluded that the Fourth Amended Complaint and the Fifth Amended Complaint filed by Asker,

> "are riddled with conclusory, vague, and immaterial facts, not obviously connected to a cause of action"; "constitute a confusing and foggy mixture of evidentiary statements, arguments and conclusory matter and other extraneous allegations"; are permeated with "characterizations, lectures, dissertations, and unnecessary evidence"; "fail to adequately specify which defendants are responsible for which actions"; do not identify which defendants make up the groups of "Enterprise Defendants" and "Predicate Act Defendants" against whom Asker attempts to assert claims; and allege fraud without stating with particularity the circumstances constituting the fraud.

DE 239, pp. 5-6 (quoting DE 218, pp. 12-14). In sum, Asker's operative pleadings in this case constituted quintessential "shotgun pleadings" that are simply not acceptable in this Circuit. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (identifying four types of shotgun pleadings). The district court did not err in dismissing Asker's pleadings on this basis.

Further, as the district judge correctly noted, the magistrate judge addressed "in extensive detail several other problems with the merits of the fourth and fifth

amended complaints: that Asker's claims fall far outside the statute of limitations; that he lacks standing to assert claims challenging the validity of his security deed; and that his racketeering, discrimination, and due process claims lack factual support." DE 239, p. 6 (citing DE 218, pp. 21-40). The district judge correctly adopted the magistrate judge's legally and factually supported conclusions on the merits (or lack thereof) of Asker's claims, and the district judge's dismissal orders (DE 239; DE 243) should be affirmed in their entirety.

The district court also correctly concluded that Asker's purported claims were all barred by the applicable statutes of limitations for those claims in any event, and that Asker had not pleaded any basis for the application of equitable tolling. DE 218, pp. 27-32; DE 239, p. 6. For the reasons stated by the district court (*see id.*), Asker's claims in this case are plainly barred by the applicable statutes of limitations, and the district court's conclusions on that issue should therefore be affirmed by this Court as well.

B. The District Court Correctly Denied Asker Leave to Amend to File a Proposed Seventh Amended Complaint.

The district court also correctly denied Asker's request for leave to further amend his pleadings to file a proposed Seventh Amended Complaint. As described by the district judge (and as demonstrated by the record in this case), Asker was afforded multiple opportunities by the district court to file a complaint complied with the rules of pleading for cases in federal court and that was not a shotgun

pleading before the case was dismissed, yet Asker completely failed to do so. *See* DE 239, pp. 6-9; DE 243, pp. 4-5. Repeated failures to cure deficiencies in pleadings is an appropriate basis for denying leave to further amend pleadings under Rule 15. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that district courts have discretion to deny a Rule 15 motion to amend if the plaintiff repeatedly fails to cure pleading deficiencies). The record in this case plainly demonstrates that the district court did not abuse its discretion in denying Asker leave to file his proposed *Seventh* Amended Complaint, and the district court's ruling on this issue should therefore be affirmed as well. *See id.*

## CONCLUSION

Based on the foregoing, Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC respectfully request that the Court **AFFIRM** orders of the district court dismissing this case and denying Asker leave to further amend his pleadings (DE 239; DE 243) in all respects.

RESPECTFULLY SUBMITTED, this 23rd day of February, 2026.

/s/ Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040
steven.flynn@troutman.com
TROUTMAN PEPPER LOCKE LLP
(404) 870-4673 (direct telephone)
(404) 872-5547 (facsimile)
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
*Counsel for Defendants-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that the foregoing document complies with the type-volume limitation set forth in Fed. R. App. P. 32. Pursuant to Fed. R. App. P. 32(a)(7)(B), counsel relied on the word or line count of the word-process system used to prepare this foregoing document (Microsoft Word, 2010 Edition). The document contains **3,325** words, including footnotes, excluding those parts of the brief exempted by Fed. R. App. P. 32(f). The type style and size used is Times New Roman 14.

RESPECTFULLY SUBMITTED, this 23rd day of February, 2026.

/s/ Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040
steven.flynn@troutman.com
TROUTMAN PEPPER LOCKE LLP
(404) 870-4673 (direct telephone)
(404) 872-5547 (facsimile)
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
*Counsel for Defendants-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing **RESPONSE BRIEF OF DEFENDANTS-APPELLEES FAY SERVICING, LLC, CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST, AND NEUBERGER BERMAN INVESTMENT ADVISERS, LLC** to be sent electronically via the DE system to registered users and by United States Mail, postage prepaid, in a properly addressed envelope to:

Mohamed Asker, *pro se*
907 Emory Street, P.O. Box 54
Oxford, GA 30054
*Plaintiff-Appellant*

RESPECTFULLY SUBMITTED, this 23rd day of February, 2026.

/s/ Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040
steven.flynn@troutman.com
TROUTMAN PEPPER LOCKE LLP
(404) 870-4673 (direct telephone)
(404) 872-5547 (facsimile)
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
*Counsel for Defendants-Appellees Fay Servicing, LLC, Citibank, N.A., as Trustee for CMLT1 Asset Trust, and Neuberger Berman Investment Advisers, LLC*