APPEAL NO. 25-14153

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

---

MOHAMED ASKER,

*Plaintiff-Appellant*,

v.

BANK OF AMERICA, N.A., ET AL.,

*Defendants-Appellees*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
Civil Action File No. 1:24-cv-05323-LMM

---

# APPELLEES CITIMORTGAGE, INC., CITIBANK, N.A. AND CITIGROUP INC.'S ANSWER BRIEF

---


Keisha O. Coleman
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
T: 678.420.9300
F: 678.420.9301
colemank@ballardspahr.com

Erik L. Johnson
BALLARD SPAHR LLP
1909 K Street, 12th Floor
Washington, D.C. 20006-1157
T: 202.661.2200
F: 202.661.2299
johnsonel@ballardspahr.com

*Counsel for Appellees CitiMortgage, Inc. and Citibank, N.A. and Citigroup Inc.*

Appeal No. 25-14153

*Mohammed Asker v. Bank of America, N.A., et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellees CitiMortgage, Inc. ("CitiMortgage"), Citibank, N.A. ("Citibank") and Citigroup Inc. ("Citigroup") (collectively "Citi"), by and through undersigned counsel, pursuant to 11th Circuit Rules 26.1-1 and 26.1-2, and Federal Rule of Appellate Procedure 26.1, submit the following Certificate of Interested Persons and Corporate Disclosure Statement, stating that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular appeal:

1. Mohamed Hussein Asker – Appellant, *pro se*
2. Aubrey Thrasher, LLC – Counsel for Appellee Nationwide Title Clearing, Inc.
3. Ballard Spahr, LLP – Counsel Citi Appellees
4. Bank of America, N.A. – Appellee
5. Bank of America Corporation (NYSE: BAC)
6. Burbine, Jennifer R. – Counsel for Appellee Bank of America, N.A.
7. Citibank, N.A. – Appellee
    a. Citibank, N.A. is a wholly-owned subsidiary of Citicorp L.L.C.
    b. Citicorp L.L.C. is a subsidiary of Citigroup Inc., a publicly traded corporation (NYSE: C). No publicly held corporation owns 10% or

more of Citigroup Inc.'s stock.

8. Citibank, N.A., as Trustee for CMLTI Asset Trust – Appellee

9. Citigroup Inc. (NYSE: C) – Appellee

    a. Citigroup Inc. is the indirect parent company of CitiMortgage, Inc. and Citibank, N.A., and is a publicly traded corporation (NYSE: C). No publicly held corporation owns 10% or more of Citigroup Inc.'s stock.

10. CitiMortgage, Inc. – Appellee

    a. CitiMortgage, Inc. is a wholly-owned subsidiary of Citibank, N.A. and Citi Retail Services LLC.

    b. Citi Retail Services LLC is owned by Citicorp USA, Inc. and Citibank, N.A.

    c. Citicorp USA, Inc. is a wholly-owned subsidiary of Citibank, N.A.

    d. Citibank, N.A. is a wholly-owned subsidiary of Citicorp L.L.C.

    e. Citicorp L.L.C. is a subsidiary of Citigroup Inc., a publicly traded corporation (NYSE: C). No publicly held corporation owns 10% or more of Citigroup Inc.'s stock.

11. Coleman, Keisha O. – Counsel for Citi Appellees

12. CoreLogic Inc. (NYSE: CLGX)

13. CoreLogic Valuation Solutions, Inc. – Appellee

14. Fay Servicing, LLC – Appellee

15. FirstKey Mortgage, LLC – Appellee

16. Fox Rothschild LLP – Counsel for Appellee QBE Insurance Corporation

17. Flynn, Steven J. – Counsel for Appellees Fay Servicing, LLC, Citibank, N.A., as trustee, and Neuberger Berman Investment Advisors, LLC;

18. Goodman, Dale R.F. – Appellee

19. Goodman & Goodman, PC. – Appellee

20. Great Hill Partners LLC – Appellee

21. Intercontinental Exchange, Inc. (NYSE: ICE) – Parent company of MERS

22. Johnson, Erik L. – Counsel for Citi Appellees

23. LandSafe Appraisal Service, Inc. – Appellee

24. May, Hon. Leigh Martin – United States District Court Judge, United States District Court for the Northern District of Georgia

25. McCalla Raymer, LLC – Appellee

26. McCalla Raymer Leibert Pierce, LLC – Appellee and counsel

27. McGinnis, Shannon J. – Counsel for Appellees U.S. Bank National Association, U.S. Bancorp, Select Portfolio Servicing, Inc., and FirstKey Mortgage LLC

28. McGuireWoods LLP – Counsel for Appellee Bank of America, N.A.

29. MERSCORP Holdings, Inc. – Appellee

30. Mortgage Electronic Registration Systems, Inc. – Appellee

31. Nationwide Title Clearing, Inc. – Appellee

32. Neuberger Berman Investment Advisors LLC – Appellee

33. Patterson, Danny – Counsel for Appellee Bank of America, N.A.

34. Pernini, Taylor E. – Counsel for Appellees U.S. Bank National Association, U.S. Bancorp, Select Portfolio Servicing, Inc., and FirstKey Mortgage LLC

35. Petrie, Andrew J. – Counsel for Citi Appellees

36. Phelan, Daniel D. – Appellee

37. QBE Holdings, Inc. – Parent company of QBE Insurance Company

38. QBE Insurance Corporation – Appellee

39. QBE Insurance Group Limited (NYSE: QBIEY) – Parent Company of QBE Insurance Corporation

40. QBE Reinsurance Corporation – Parent Company of QBE Insurance Corporation

41. Ramson, Angela Franceta – Counsel for Appellee QBE Insurance Corporation

42. Reise, Sarah T. – Counsel for Appellee CoreLogic Valuation Solutions, Inc.

43. Ross, Jeremy Brent – Counsel for Appellee Nationwide Title Clearing, Inc.

44. Scherer, Elizabeth Brooks – Counsel for Appellee QBE Insurance Corporation

45. Select Portfolio Servicing, Inc. – Appellee

46. St. George, Timothy J. – Counsel for Appellee CoreLogic Valuation Solutions, Inc.

47. Tate, William Oxford – Counsel for Appellees McCalla Raymer, LLC and McCalla Raymer Leibert Pierce, LLC

48. Troutman Pepper Locke LLP – Counsel for Appellees CoreLogic Valuation Solutions, Inc., Fay Servicing, LLC, Citibank, N.A., as trustee, and Neuberger Berman Investment Advisors, LLC

49. U.S. Bancorp (NYSE: USB) – Appellee

50. U.S. Bank National Association – Appellee

51. Vettel, Matthew T. – Appellee

52. Vinyard, Hon. Russel G., United States Magistrate Judge, United States District Court for the Northern District of Georgia

53. Wargo, French & Singer LLP – Counsel for Appellees U.S. Bank National Association, U.S. Bancorp, Select Portfolio Servicing, Inc. and FirstKey Mortgage LLC

54. Williamson, John H. – Counsel for Appellees Matthew T. Vettel and Great Hill Partners, LLC

55. Williamson and York LLC – Counsel for Appellees Matthew T. Vettel and Great Hill Partners, LLC

56. York, J. Christopher – Counsel for Appellees Matthew T. Vettel and Great Hill Partners, LLC

## STATEMENT REGARDING ORAL ARGUMENT

Appellees CitiMortgage, Inc. ("CitiMortgage"), Citibank, N.A. ("Citibank") and Citigroup Inc. ("Citigroup") (collectively "Citi") respectfully submit that oral argument is unnecessary because, pursuant to Fed. R. App. P. 34(a)(2)(C), "the facts and legal arguments are adequately presented in the briefs and records, and the decisional process would not be significantly aided by oral argument."

## TABLE OF CONTENTS

**Page**


STATEMENT OF THE ISSUES .......... 2

STATEMENT OF THE CASE .......... 3

I. NATURE OF THE CASE .......... 3

II. STATEMENT OF THE FACTS .......... 4

III. COURSE OF PROCEEDINGS IN THE DISTRICT COURT .......... 7

A. The District Court Addresses Asker's Original Complaint and His First Three Amendments .......... 7

B. The District Court Addresses Asker's Fourth Through Sixth Amendments in the First Instance .......... 8

C. The District Court Confirms the Dismissal of Asker's Fourth Through Sixth Amendments and Addresses Asker's Proposed Seventh Amended Complaint .......... 10

IV. STANDARD OF REVIEW .......... 14

SUMMARY OF ARGUMENT .......... 15

ARGUMENT .......... 17

I. THE DISTRICT COURT ACTED WITHIN ITS DISCRETION AND EXERCISED APPROPRIATE JUDGMENT TO DENY LEAVE TO AMEND FOR A SEVENTH TIME DUE TO ASKER'S ONGOING FAILURES TO COMPLY WITH THE DISTRICT COURT'S ORDERS AND BECAUSE FURTHER AMENDMENT WOULD HAVE BEEN FUTILE .......... 17

II. ASKER'S ARGUMENTS ON APPEAL RELATED TO THE TIMELINESS AND STATUTE OF LIMITATIONS APPLICABLE TO HIS RICO CLAIMS ARE IMMATERIAL AND INSUFFICIENT TO WARRANT REVERSAL .......... 22

CONCLUSION .......... 25

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Am. Dental Ass'n v. Cigna Corp.*,
605 F.3d 1283 (11th Cir. 2010) ....................................................................4

*Amnet ESOP Corp. v. CrossCountry Mortg., Inc.*,
Civil Action No. 2:23-cv-10-RWS, 2023 WL 9181488 (N.D. Ga. Dec. 18, 2023)....................................................................................25

*Barmapov v. Amuial*,
986 F.3d 1321 (11th Cir. 2021) ..................................................................13

*Blackburn v. Shire US Inc.*,
18 F.4th 1310 (11th Cir. 2021) ...................................................................13

*Bryant v. Dupree*,
252 F.3d 1161 (11th Cir. 2001) ..................................................................17

*Burger King Corp. v. Weaver*,
169 F.3d 1310 (11th Cir. 1999) ..................................................................17

*Burke v. Custom Marine Grp.*,
847 F. App'x 578 (11th Cir. 2021)...............................................................19

*Cisneros v. Petland, Inc.*,
972 F.3d 1204 (11th Cir. 2020) ..................................................................25

*Cockrell v. Sparks*,
510 F.3d 1307 (11th Cir. 2007) (per curiam) ..............................................18

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019) ..................................................................24

*Crane v. United States*,
No. 8:23-CV-2929-KKM-AAS, 2024 WL 4165325 (M.D. Fla. Apr. 16, 2024)....................................................................................21

*Diaz v. Jaguar Rest. Grp., LLC*,
627 F.3d 1212 (11th Cir. 2010) ..................................................................13

*Dussouy v. Gulf Coast Inv. Corp.*,
660 F.2d 594 (5th Cir. 1981) ....................................................................17

*Fernandez v. Bailey*,
909 F.3d 353 (11th Cir. 2018) ..................................................................14

*Foman v. Davis*,
371 U.S. 178 (1962)...........................................................................13, 17, 19

*Griffin Indus., Inc. v. Irvin*,
496 F.3d 1189 (11th Cir. 2007) ..............................................................4, 5

*L.S. ex rel. Hernandez v. Peterson*,
982 F.3d 1323 (11th Cir. 2020) ..........................................................17, 18

*Hill v. Johnson*,
787 F. App'x 604 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2642,
*reh'g denied*, 141 S. Ct. 82 (2020) ..........................................................17

*Jackson v. Bank of America*,
898 F.3d 1348 (11th Cir. 2018) ................................................................15

*Kernel Records Oy v. Mosley*,
694 F.3d 1294 (11th Cir. 2012) ................................................................14

*Mandala v. Tire Stickers, LLC*,
829 F. App'x 896 (11th Cir. 2020) ............................................................19

*Moore v. Jasper City Bd. of Educ.*,
No. 22-13943, 2023 WL 3719151 (11th Cir. May 30, 2023) (per
curiam) .......................................................................................................21

*Moreland v. Wood*,
No. CV 214–143, 2015 WL 1799898 (S.D. Ga. Apr. 16, 2015).......................24

*Osiris Therapeutics, Inc. v. MiMedx Grp., Inc.*,
Case no. 1:19-cv-00857, 2020 WL 11192769 (N.D. Ga. Feb. 24,
2020) .........................................................................................................24

*PricewaterhouseCoopers, LLP v. Bassett*,
293 Ga. App. 274, 666 S.E.2d 721 (2008) ................................................5, 6

*Schiavo ex rel. Schindler v. Schiavo*,
403 F.3d 1223 (11th Cir. 2005) ....................................................................14

*Smith v. School Bd. of Orange Cnty.*,
487 F.3d 1361 (11th Cir. 2007) ....................................................................17

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)........................................................................................23

*Taylor v. Moskow*,
717 Fed. App'x 836 (11th Cir. 2017) ...............................................................5

*United States v. Kelly*,
888 F.2d 732 (11th Cir. 1989) ......................................................................14

*Vibe Micro, Inc. v. Shabanets*,
878 F.3d 1291 (11th Cir. 2018) ................................................................11, 13

*Waldman v. Conway*,
871 F.3d 1283 (11th Cir. 2017) (per curiam) ..................................................14

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
792 F.3d 1313 (11th Cir. 2015) ....................................................................13

**Statutes**

11th Cir. R. 28-1(e)..........................................................................................1

Fed. R. App. 28(I) ...............................................................................................1

Fed. R. Civ. P. 8 ...............................................................................................19

Fed. R. Civ. P. 8(a)...........................................................................................11

Fed. R. Civ. P. 8(a)(2) .......................................................................................14

Fed. R. Civ. P. 9(b) ...................................................................................16, 18, 24

Fed. R. Civ. P. 10(b) .........................................................................................14

Fed. R. Civ. P. 15 .............................................................................................13

Fed. R. Civ. P. 15(a)(2).......................................................................................17

Fed. R. Civ. P. 17(a)(1)(E) ........................................................ 5

Fed. R. Civ. P. 41(b) ........................................................ 13

Fed. R. Civ. P. 55(a) ........................................................ 8

Fed. R. Civ. P. 60(b) ........................................................ 12

O.C.G.A. § 16-14-8 ........................................................ *passim*

O.C.G.A. § 16-14-8 ........................................................ *passim*

## STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES

Pursuant to Fed. R. App. 28(I) and 11th Cir. R. 28-1(e), Citi adopts by this reference the statements of fact, arguments and citations of authorities made by Co-Defendants/Co-Appellees in their respective briefs that at the time of this filing are either currently before or will imminently be before this Court to the extent they are applicable to these three Citi companies.

More specifically, Citi adopts and incorporates by reference all arguments and citations to authority in response to the Plaintiff-Appellant Mohamed Asker's Statement of Issues, statements of fact and legal arguments. Accordingly, Citi respectfully requests that this Court affirm the District Court's rulings for all of the reasons the Appellees urge.

## STATEMENT OF THE ISSUES

1. Whether the District Court abused its discretion in finding Mohamed Hussein Asker's ("Asker") Fourth Amended Complaint was the operative complaint, dismissing both his Fourth Amended Complaint and unauthorized Fifth Amended Complaint with prejudice, and rejecting his unauthorized attempt to file a Seventh Amended Complaint?

2. Whether the District Court erred in treating Asker's Georgia state law RICO claims as time-barred?

3. Whether the District Court erred by disregarding separate RICO claim accruals based on Asker's allegations that some of the Appellees' 2024-lien-enforcement actions (which sub-group of Appellees does not include Citi) inflicted new, independent property injury distinct from the 2011 foreclosure Asker challenges?

# STATEMENT OF THE CASE

## I. NATURE OF THE CASE

Plaintiff-Appellant Mohamed Hussein Asker ("Asker") originally initiated this action challenging what he alleges was a wrongful 2011 foreclosure of his property in Newton County, Georgia. [*See* Doc. 1]. Following removal to the District Court, Asker either filed or moved to file a total of seven amended complaints. [*See* Docs. 10, 16, 20, 57, 58, 178 and 223]. The Magistrate Judge recommended dismissal with prejudice of the Fourth Amended Complaint and the unauthorized Fifth Amended Complaint. [Doc. 218]. The District Court adopted that recommendation, finding for multiple reasons that Asker's Fourth and Fifth Amended Complaints constituted shotgun pleadings. [Doc. 239]. The District Court also ruled Asker was not entitled to further amend as Asker had failed to comply with the court's Orders and Federal Rules of Civil Procedure's requirements despite the District Court having given him two opportunities to do so and provided him clear instruction on how to cure his deficient pleadings. [*Id.*][1] Accordingly, the District Court dismissed Asker's claims with prejudice and initially denied as moot his motion for leave to file a Seventh Amended Complaint he had submitted without

---

[1] The Magistrate Judge denied Appellant's Motion for Leave to file a Sixth Amended Complaint because Appellant did not attach the proposed pleading to the motion and did not set forth the substance of the proposed amendment in his motion. [Doc. 218 – Pg. 17, fn. 8]. Asker abandoned that proposed amended complaint when he moved for leave to file his Seventh Amended Complaint.

permission (as well as denying several other motions). [Doc. 239]. That same day, the District Court Clerk entered judgment in favor of all Defendants. [Doc. 240].

Asker moved to reconsider or to alter or amend the judgment challenging the mootness finding. In response, the District Court amended its judgment and denied Asker's motion for leave to file a seventh amended complaint on the merits. [Doc. 243].

## II. STATEMENT OF THE FACTS[2]

On or about October 27, 2000, Asker purchased the real properly located at 50 Longview Drive, Oxford, Georgia 30054 (the "Property"). [Doc. 1]. On or about July 29, 2005, Asker refinanced the mortgage on the Property and executed a Note in favor of Mortgage Electronic Systems, Inc. ("MERS") as nominee for lender Mainstreet Bank d/b/a Main Street Mortgage ("Main Street") agreeing to repay Main Street the mortgage loan in the original principal amount of $312,000 (the "Loan"). [Doc. 1, Ex. A1]. That same day, Asker executed a Security Deed which created a lien on the Property securing Asker's obligation to repay the Loan. [*Id.*] The Security

---

[2] At this stage, this Court must accept only Asker's well-pleaded factual allegations as true. It should disregard his conclusory allegations lacking factual support, his speculation and his argumentative assertions of alleged fact. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). In addition, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Deed was recorded on August 15, 2005 in the Newton County, Georgia land records (the "Security Deed"). [*Id.*] The Security Deed was subsequently assigned eight (8) times, none of which assignments involved Citi. [*See e.g.* Doc. 132-1 – Pg. 5]. Neither CitiMortgage, Citibank in its individual corporate capacity, nor Citigroup was a party to the mortgage Loan.

There was a foreclosure of the Property in 2011, which the state court ordered rescinded in 2013. Despite that recission, Asker alleged below a sprawling array of criminal, civil, constitutional, and equitable theories involving what he contends was a fraudulent scheme surrounding the origination, servicing, and attempted foreclosure of his mortgage Loan.

The only "allegations" Asker asserted against Citi are in his unauthorized Fifth Amended Complaint (aside from generic "all defendants" claims and conclusory allegations unsupported by any facts), which amendment he submitted without the District Court's permission. There he alleged: (1) CitiMortgage "reassigned forged mortgage documents, clouding title and facilitating the enterprise" [Doc. 58, ¶ 32]; (2) Citigroup "profited from CitiMortgage's misconduct …" [*id.*, ¶ 33]; (3) Citibank, N.A., as Trustee for CMLTI Asset Trust,[3] "accepted a

[3] Asker's allegations concerning "Citibank, N.A., as Trustee for CMLTI Asset Trust," do not apply to Citi. Citibank, N.A. as trustee is joined in an entirely separate capacity as that trust's representative providing the legal mechanism to join the trust as a party. *See generally* Rule 17(a)(1)(E), Fed. R. Civ. P.; *Taylor v. Moskow*, 717 Fed. App'x 836, 839 (11th Cir. 2017). Under Georgia law, "[i]t

July 18, 2017, Assignment of Security Deed that is part of the same fraudulent scheme …" [*id.*, ¶ 34]; and (4) "Citibank, N.A., as Trustee for CMLTI Asset Trust," executed and recorded an assignment conveying the rights under the Security Deed [*id.*, ¶¶ 78-79].

Asker did not allege any factual basis on which CitiMortgage knew or should have known the mortgage documents were forged or that there was some illicit enterprise in which it was involved. Asker did not allege any factual basis on which Citibank, N.A. in its individual corporate capacity knew or should have known of the supposed forged document it is alleged to have "reassigned" or the scheme in which he alleges other Defendants have participated. Asker did not allege any factual basis on which Citigroup would be responsible for actions of its separate corporate subsidiaries, nor any factual basis on which anything they allegedly did or knew could properly be attributed to it. Asker never offered a single fact or document that would support any claim against the three Citi-related entities, rather, he made only

is axiomatic that a trust can only act through its trustees." *Pricewaterhouse Coopers, LLP v. Bassett*, 293 Ga. App. 274, 277 (2008). Asker alleged only that Citibank N.A., acting as the Trustee for the CMLTI Asset Trust, executed and recorded an assignment conveying the rights under the Security Deed. [Doc. 58, ¶¶ 78-79]. Accordingly, the Trust is an independent party to this appeal, and is represented by separate counsel. [*See* Doc. 164 – Pgs. 4-5, 7; Doc. 218 – Pg. 22, fn. 12 (discussing Asker's misunderstanding of the different entities)].

vague references to previous filings Citi had never received.[4]

## III. COURSE OF PROCEEDINGS IN THE DISTRICT COURT

On November 20, 2024, Asker filed his original, 403-page Complaint. [Doc. 1]. He did not name Citi in the original Complaint. [*Id.*] On December 9, 2024, Asker filed his First Amended Complaint. [Doc. 10]. Four days later he filed his Second Amended Complaint, attempting to add new defendants, none of which were Citi. [Doc. 16].

### A. The District Court Addresses Asker's Original Complaint and His First Three Amendments

On December 17, 2024, the District Court, *sua sponte*, struck Asker's original Complaint and the two proffered Amended Complaints as impermissible shotgun pleadings. [Doc. 18]. The District Court gave Askler twenty-one days to "file [a third] amended complaint consistent with [the District Court's] Order that complies with the Federal Rules of Civil Procedure," or risk potential dismissal. [Doc. 18 – Pg. 8].

On January 13, 2025, Asker filed his untimely Third Amended Complaint, which again did not name Citi as a defendant. [Doc. 20]. On April 7, 2025, the

[4] For example, the Fifth Amended Complaint makes several references to a "Predicate Acts Chart (Appendix P-1)." [*See* Doc. 57 – Pg. 13; Doc. 58 – Pg. 18]. However, as the District Court correctly observed, the Fifth Amended Complaint does not include this "appendix" and Asker never served Citi a copy of any such document. [*See* Doc. 218 – Pg. 13].

District Court struck the Third Amended Complaint as yet another impermissible shotgun pleading and ordered Asker to further amend the complaint to comply with the Court's orders. [Doc. 56]. Pursuant to that Order, the District Court specifically gave Asker "*one final extension* of time of fourteen (14) days," until April 21, 2025, to file an amended complaint that complied with the Court's orders and the Federal Rules, again advising that if he failed to comply, he risked dismissal. [Doc. 56 – Pgs. 3-4] (emphasis added). On April 21, 2025, the last day to correct the deficiencies with his pleadings, Asker filed a Fourth Amended Complaint where, once again, he did not name Citi. [Doc. 57].

**B. The District Court Addresses Asker's Fourth Through Sixth Amendments in the First Instance**

On April 29, 2025, without Court permission and in violation of the Federal Rules of Civil Procedures and the District Court's Orders, Asker filed his Fifth Amended Complaint—yet another shotgun pleading—naming the three Citi entities for the first time. [Doc. 58]. Asker filed returns of service documenting he had served Citi with this unauthorized Fifth Amended Complaint on June 17, 2025 and June 18, 2025. [Doc. 116] (CitiMortgage); [Doc. 125] (Citibank); [Doc. 126] (Citigroup). On July 14, 2025 and July 16, 2025, at Asker's request, the Clerk entered Rule 55(a) defaults against Citi. On July 14, 2025 and July 16, 2025, Citi filed their Motion to Set Aside the Default. [Doc. 117]. On July 25, 2025, Asker filed a Motion for Partial Default, [Doc. 166], which he then supplemented. [Doc. 179]. Citi opposed that

motion and the supplement. [Docs. 180, 188]. Ultimately, the District Court denied Asker's motions and lifted the defaults because they were based on the improperly filed Fifth Amended Complaint. [Doc. 218 – Pg. 21].

Asker's Fifth Amended Complaint failed to plead a single factual allegation against the three Citi entities that would in any way subject them to liability. The Fifth Amended Complaint was yet another shotgun pleading riddled with vague and conclusory allegations untethered to any actual conduct by or omission on the part of these entities.

On August 8, 2025, Citi filed their Motion to Dismiss for failure to state a claim. [Doc. 181]. While that Motion was pending, on August 12, 2025, Asker filed an "Integrated Motion for Leave Nunc Pro Tunc" to file a Sixth Amended Complaint. [Doc. 187]. On September 29, 2025, again without the District Court's permission and in violation of the Federal Rules of Civil Procedure, Asker submitted his proposed Sixth Amended Complaint. [Doc. 212].

On September 9, 2025, the Magistrate Judge entered a Report and Recommendation ("R&R") denying Asker's motion for leave to accept the Fifth Amended Complaint and motion for leave to file a Sixth Amended Complaint, and granting all Defendants' Motions to Dismiss the Fourth and Fifth Amended Complaints. [Doc. 218]. The court found the Fourth Amended Complaint—in which Asker did not identify the three Citi-related entities as parties—was the operative

complaint. [*Id.* – Pg. 8; Doc. 239 – Pg. 6, fn. 4]. The District Court nonetheless addressed the Fifth Amended Complaint given the multiple pending motions to dismiss, as well as Asker's then-pending motion for leave to accept his Fifth Amended Complaint *nunc pro tunc*. [Doc. 178].

### C. The District Court Confirms the Dismissal of Asker's Fourth Through Sixth Amendments and Addresses Asker's Proposed Seventh Amended Complaint

On September 24, 2025, Asker filed his Motion for Leave to File a proposed Seventh Amended Complaint. [Doc. 223]. On November 6, 2025, the District Court entered its Order adopting the R&R granting all pending Motions to Dismiss, and denying Asker's Motion for Leave to File a Seventh Amended Complaint as moot. [Doc. 239]. That same day, the District Court entered judgment in favor of all Appellees. [Doc. 240].

The November 6, 2025 Order found the R&R correctly and exhaustively explained how Asker's Fourth and Fifth Amended Complaints perpetuate the same pleading deficiencies he had been given two opportunities to correct. [Doc. 239]. The District Court concluded Asker's Fourth and Fifth Amended Complaints were "riddled with conclusory, vague, and immaterial facts, not obviously connected to a cause of action"; "constitute a confusing foggy mixture of evidentiary statements, arguments and conclusory matter and other extraneous allegations"; are permeated with "characterizations, lectures, dissertations, and unnecessary evidence"; "fail to

adequately specify which defendants are responsible for which actions"; do not identify which defendants makes up the groups of "Enterprise Defendants" and "Predicate Act Defendants" against whom Asker attempts to assert claims; and alleges fraud without stating with the required particularity the circumstances constituting the fraud. [Doc. 239 – Pgs. 5-6 (citing Doc. 218 – Pgs. 12-14)].

Moreover, the Order pointed out the R&R addresses in extensive detail several other problems with the merits of the Fourth and Fifth Amended Complaints: (1) Asker's claims fall far outside the statute of limitations; (2) Asker lacks standing to assert claims including, among others, challenges to the validity of his security deed; and (3) Asker's racketeering, discrimination, and due process claims lack factual support. [Doc. 239 – Pg. 6 (citing Doc. 218 – Pgs. 21-40)]. As it was the first pleading seeking to involve Citi, the District Court ruled that because Asker filed his Fifth Amended Complaint without leave, Asker's motion for partial default against Citi for failure to respond to the Fifth Amended Complaint was correctly denied and Citi's Motion to Set Aside the Clerk's entry of default was properly granted. [Doc. 239 – Pg. 6, fn. 4].

The District Court concluded the allowance of any further amendment was not warranted. [Doc. 239 – Pg. 6 (citing Doc. 218 – Pgs. 15-16)]. As the District Court specifically acknowledged, when a Court dismisses a shotgun pleading for noncompliance with Rule 8(a), it is required to point out the defects in the complaint

and give the plaintiff an opportunity to replead. [*Id.* – Pgs. 6-7 (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)]. The District Court had done just that—not once, but twice. Because of Asker's untimely filing violating the Court's Order and failure to correct the pleading deficiencies, the District Court was well within its discretion to dismiss the Third Amended Complaint without further leave to amend. [Doc. 239 – Pg. 7]. Yet the District Court granted Asker, appearing *pro se*, leniency and accepted his untimely Third Amended Complaint, while explaining that it once again fell short of the pleading standards, advising him of the deficiencies, and giving him another chance to amend.

Despite this opportunity, Asker once again submitted yet another shotgun pleading with his Fourth Amended Complaint characterized by the same types of deficiencies the District Court had repeatedly instructed him to avoid. [Doc. 239 – Pg. 8]. Accordingly, the District Court exercised its inherent authority to prevent further amendment and dismiss Asker's claims with prejudice.

As for Citi, the District Court dismissed the case with prejudice for reasons over and above the issues with the shotgun pleading and noncompliance with the court's orders and the Federal Rules of Civil Procedure. It concluded Asker lacked Article III standing as he "fail[ed] to allege CitiMortgage, Citibank, and Citigroup's involvement in or knowledge of" any of the underlying allegedly fraudulent activity. [Doc. 218 – Pgs. 32-33, fn. 20].

On November 10, 2025, Asker filed a Motion to Alter or Amend Clerk's Judgment, asking the District Court to alter or amend the dismissal with prejudice to the extent it denied as moot his motion for leave to amend. [Doc. 242]. Alternatively, Asker requested that the District Court vacate the portion of the judgment denying as moot his motion for leave to amend under Rule 60(b) asking that it instead decide the motion on the merits. [*Id.*] On November 14, 2025, the District Court entered an Order amending its prior ruling to deny Asker's Motion for Leave to File a Proposed Seventh Amended Complaint on the merits. [Doc. 243]. The District Court agreed it should not have denied his motion for leave as moot. [*Id.* – Pg. 4]. It addressed the motion on the merits, and denied it due to Asker's failure to meaningfully cure the deficiencies in his pleadings despite the court having given him several opportunities to do so. [*Id.*] The District Court held that, because the Order dismissed Asker's operative pleading and denied him leave to further amend, it did not need to consider the substance of Asker's proposed seventh amended complaint and that dismissal with prejudice was proper. [Doc. 243 – Pg. 5].[5]

[5] Finding that because of Asker's repeated failures to correct the deficiencies in his pleading, the court was well within its discretion to deny his request to amend his complaint a seventh time. [Doc. 243 – Pg. 5]; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding courts have discretion to deny a Rule 15 motion to amend where the plaintiff repeatedly fails to cure pleading deficiencies); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) ("Where a plaintiff fails to make meaningful modifications to her complaint" after being given an opportunity to replead, "a district court may

## IV. STANDARD OF REVIEW

This Court reviews dismissals of shotgun pleadings for an abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *Vibe Micro, Inc.*, 878 F.3d at 1294. More generally, this Court also reviews the District Court's denial of a motion to amend a complaint for abuse of discretion. *Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1316-17 (11th Cir. 2021) (citing *Diaz v. Jaguar Rest. Grp., LLC*, 627 F.3d 1212, 1214 (11th Cir. 2010)).

"The abuse of discretion standard is deferential, and 'allow[s] a range of choice for the district court, as long as that choice does not constitute a clear error of judgment.'" *Fernandez v. Bailey*, 909 F.3d 353, 363 (11th Cir. 2018) (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)). This Court will not reverse this allowed "range of choice" even if it would have reached a different conclusion. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) (citations omitted).

The Federal Rules of Civil Procedure govern the prohibition on shotgun pleadings. The Rules require that (1) a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), (2) the complaint assert claims "in numbered paragraphs, each limited as far as

---

dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket.").

practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and (3) "each claim founded on a separate transaction or occurrence ... must be stated in a separate count" if doing so would promote clarity. *Id*.

This Court may affirm the District Court's decision "on any ground supported by the record, regardless of whether that ground was relied upon or even considered below." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (citing *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012)).

## SUMMARY OF ARGUMENT

Over the course of a year and a half, through over 240 docket entries, the District Court gave Asker multiple opportunities to file a complaint that would state properly-framed and cognizable claims for relief. In his original complaint and the first six amended complaints, Asker failed to do so. Instead, he repeatedly ignored the District Court's Orders and the federal rules, filing numerous documents with rambling assertions that had no connection to any claim or alleged cause of action. This Court must affirm the dismissal of Asker's shotgun pleadings because his ongoing, willful refusal to follow the District Court's Orders constitutes an obstruction of justice and waste of the Court's judicial resources. *See Jackson v. Bank of America*, 898 F.3d 1348, 1357 (11th Cir. 2018).

Asker had more than fair notice of the pleading defects and several opportunities to fix those defects, which is all the Eleventh Circuit requires. The

District Court told him time and time again the problems that beset each version of his complaint.

The District Court was well within its discretion to dismiss Asker's Third and Fourth Amended Complaints on this basis alone, and to reject his proposed Fifth and Sixth Amended Complaints, let alone to allow him to file his *Seventh* Amended Complaint that is one of the bases for his appeal. As the District Court properly concluded, that seventh proposed amendment was not only improper, it was futile since it failed to remedy the shotgun characteristics that Asker had repeatedly failed to correct. As to Citi, the proposed Seventh Amended Complaint was doubly futile for the additional reasons that it failed to allege a single fact that would tie Citi to any alleged wrongdoing and failed to state any cognizable claim for relief. Therefore, the District Court properly exercised its discretion in refusing to allow yet another shotgun, futile pleading from Asker.

Finally, Asker's arguments relating to the statute of limitations and "timeliness" of his RICO conspiracy claims are irrelevant for purposes of this appeal. Specifically, Asker's claims against Citi (including the RICO claims) were dismissed with prejudice for failure to plead fraud with specificity as Rule 9(b) requires and because Asker lacked Article III standing to bring claims against Citi. Accordingly, regardless of the outcome of the timeliness issue, the District Court correctly dismissed Citi with prejudice. This Court should affirm that decision.

# ARGUMENT

## I. THE DISTRICT COURT ACTED WITHIN ITS DISCRETION AND EXERCISED APPROPRIATE JUDGMENT TO DENY LEAVE TO AMEND FOR A SEVENTH TIME DUE TO ASKER'S ONGOING FAILURES TO COMPLY WITH THE DISTRICT COURT'S ORDERS AND BECAUSE FURTHER AMENDMENT WOULD HAVE BEEN FUTILE

The District Court did not abuse its discretion in denying Asker's motion requesting leave to file a *Seventh* Amended Complaint. [Doc. 243]. Although a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it may deny leave if there is, as here, a "'substantial reason'" to do so. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (5th Cir. 1981)). Examples of substantial reasons where a district court need not allow an amendment include "'(1) where there has been undue delay, bad faith, dilatory motive, or *repeated failure to cure deficiencies by amendments previously allowed*; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Hill v. Johnson*, 787 F. App'x 604, 608 (11th Cir. 2019) (emphasis added), *cert. denied*, 140 S. Ct. 2642, *reh'g denied*, 141 S. Ct. 82 (2020) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Asker's efforts fall into all three categories justifying the District Court's denial of any further amendments.

This Court "will only reverse a district court's denial of a motion to amend in

instances in which the district court has clearly abused its discretion." *Smith v. School Bd. of Orange Cnty.,* 487 F.3d 1361, 1366 (11th Cir. 2007) (internal quotations omitted). Asker has not shown and cannot show any abuse of discretion.

Over and above Asker's repeated submission of defective shotgun pleadings, futility is an additional ground on which a court may properly deny leave to amend. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020); *Burger King Corp*., 169 F.3d at 1320 (futility justifies denying leave to amend when the "complaint as amended is still subject to dismissal."). "Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *Peterson*, 982 F.3d at 1332 (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).

The mere fact that Asker has had multiple unsuccessful attempts to try and state a claim, standing alone, demonstrates futility. The proposed Seventh Amended Complaint was nearly identical to the previous six amended complaints dismissed as improper shotgun pleadings. Asker offered it following the District Court's notices, opportunities to correct, and warnings of what his continued failures would lead.

In addition to the futility of further amendment to remedy the shotgun characteristics that Asker had repeatedly failed to correct, it would also have been futile to allow amendment of the complaint yet again where the proposed pleading

did not state any claims against Citi on which the District Court could grant relief. None of the amended complaints Asker submitted complied with Rule 9(b)'s heightened pleading requirements for allegations of fraud. Asker entirely failed to provide factual allegations that Citi had some involvement with the underlying transactions. Asker has never had standing to bring a claim against Citi in the first place, and his proposed Seventh Amended Complaint would not lead to any other result.

Futility is not the only reason that the decision to denying leave to amend was within the District Court's proper exercise of its discretion. When deciding whether to grant leave to amend, a court also considers whether the moving party has "repeatedly fail[ed] to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. This Court has consistently upheld the district courts' discretion to deny leave to amend when the courts have warned a plaintiff about the inadequacies in their pleading but the plaintiff fails to correct those deficiencies. *See Burke v. Custom Marine Grp.*, 847 F. App'x 578, 582 (11th Cir. 2021) (where plaintiff fails "to cure his pleadings' deficiencies after multiple opportunities, the district court did not abuse its discretion in dismissing his second amended complaint without leave to amend."); *Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) (holding district court did not abuse its discretion in denying plaintiff leave to amend his complaint a third time since plaintiff had had "two

opportunities to amend the complaint and cure any pleading deficiencies, yet he failed to do so").

As the District Court correctly pointed out, "further amendment [was] not warranted here…since the [District Court] has provided [Asker] multiple opportunities to file a complaint that did not violate Rule 8 . . . of the Federal Rules of Civil Procedure, but Asker refuse[d] to comply with the[] Rules." [Doc. 218 – Pg. 15] (citations and internal marks omitted).

The procedural history in the District Court and the lower court record conclusively demonstrates Asker had several chances to replead his complaint yet failed to heed the District Court's repeated instructions and warnings. After striking Asker's original complaint because it was a shotgun pleading, as well as two additional amended complaints, [Doc. 18], the District Court granted Asker "*one final extension*." [Doc. 56 – Pgs. 3-4] (emphasis added). The District Court expressly warned Asker (for the second time) that "should he fail to timely file an amended complaint, or should he file an amended complaint that does not comply with the Court's instructions, it *may result in a recommendation that this case be dismissed….*" [Doc. 56 – Pg. 4] (emphasis added). On April 21, 2025, Asker filed a Fourth Amended Complaint that did not name Citi as a party. [Doc. 57]. Approximately one week later, without the court's permission, Asker filed a Fifth Amended Complaint attempting to join Citi. [Doc. 58]. The court properly held the

Fourth Amended Complaint—not naming Citigroup, CitiMortgage or Citibank, N.A. as parties—was the operative complaint. [Doc. 218 – Pg. 8].

Despite the District Court's clear and repeated warnings, Asker wasted those opportunities to amend and comply with the court's orders and requirements. Ignoring those warnings and instructions, he repeatedly refiled shotgun pleadings devoid of any allegations that would plausibly allege a claim on which the court could grant relief. The Fifth, Sixth and Seventh Amended Complaints were unauthorized shotgun pleadings that still failed as a matter of law.

For all these reasons, the District Court properly denied Asker's request to accept his *Seventh* Amended Complaint. *See Moore v. Jasper City Bd. of Educ*., No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023) (per curiam) ("A district court must give a plaintiff one opportunity to remedy her shotgun pleading before dismissing her action. But if she files an amended complaint without substantially fixing the deficiencies, dismissal with prejudice is warranted.") (citations omitted); *see also Crane v. United States*, No. 8:23-cv-2929-KKM-AAS, 2024 WL 4165325, at *2 (M.D. Fla. Apr. 16, 2024) (dismissing plaintiff's second amended complaint because the court "previously explained the deficiencies in [the] first amended complaint and afforded [plaintiff] another opportunity to amend[,] yet [plaintiff] filed another shotgun pleading").

Finally, Asker's argument relating to the District Court's alleged failure to

review the proposed cure he offered in tendering his Seventh Amended Complaint is no basis on which to reverse the District Court's denial of leave to amend. Asker had demonstrated an obstinate failure to cure the deficiencies in his pleadings despite being given every opportunity to do so. [Doc. 243 – Pg. 4 (citing Doc. 239 – Pgs. 6-9)]. Contrary to Asker's assertions, once the District Court dismissed with prejudice Asker's operative pleading, the Fourth Amended Complaint, without leave to amend, the District Court was not required to consider the substance of his proposed and unauthorized Seventh Amended Complaint.

In sum, the District Court was well within its power to, and did not abuse its discretion by, denying leave to file a Seventh Amended Complaint "on the merits" while expressly stating it "did not need to consider the substance" of the proposed pleading. This Court should affirm that denial and the resulting dismissal with prejudice.

## II. ASKER'S ARGUMENTS ON APPEAL RELATED TO THE TIMELINESS AND STATUTE OF LIMITATIONS APPLICABLE TO HIS RICO CLAIMS ARE IMMATERIAL AND INSUFFICIENT TO WARRANT REVERSAL

Asker's appeal fails to consider the fact that the District Court dismissed the claims against Citi with prejudice because he failed to properly allege *any* facts or claims on which the court could grant relief against Citi. Instead, Asker argues the District Court erred in treating the Georgia RICO claim as time barred and by ignoring his arguments concerning a "separate accrual" of his claims.

As an initial matter, the R&R dismissed Asker's RICO claim as to Citi on several grounds, including: (1) Asker failed to assert claims against "Enterprise Defendants" and "Predicate Act Defendants" as he failed to identify in any complaint which defendants make up these alleged groups; (2) the claim is barred by the statute of limitations; and (3) Asker lacked standing to bring claims against Citigroup, CitiMortgage and Citibank, N.A. [*See generally* Doc. 218]. The only issue Asker preserved for appeal relates to the statute of limitations and the corresponding equitable tolling analysis. [Doc. 245]. However, Asker fails to address the fact that, even if this Court were to determine the District Court erred in barring his RICO conspiracy claims based on the statute of limitations, Asker's claims against Citi nonetheless fail as a matter of law.

The District Court properly concluded that Asker failed to allege facts against Citi that would satisfy Article III standing. [Doc. 218 – Pgs. 32-33, fn. 20]. Giving Asker the benefit of all doubt, the District Court analyzed Asker's proposed Fifth Amended Complaint (even though it was not the operative complaint), and found (1) that proposed complaint "lack[ed] any specific allegation of 'injury' that is even remotely attributable to" Citi, since Asker "fail[ed] to allege that [Citi was] involved in, had knowledge of, or had any reason to know" of the underlying, allegedly fraudulent activity, and (2) Asker's "allegations [] do not satisfy the causation or redressability prongs of Article III standing," given that "[Asker's] conclusory

allegations of injury (if any), are not traceable to any act or omission of [Citi] but[] rather, to other unrelated entities." [*Id.*]; *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted) (to establish standing, a plaintiff bears the burden to establish he " (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision"); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019) (citation and internal marks omitted) ("[A]n injury is not fairly traceable to the actions of a defendant if caused by the independent action of some third party").[6]

Accordingly, the District Court correctly dismissed Asker's claims against Citi with prejudice for lack of Article III standing.

Moreover, the District Court correctly dismissed Asker's RICO claims with prejudice as none of the amended complaints plead sufficient facts to support such a claim. [Doc. 218 – Pgs. 36-37]. Because Asker's RICO claims are premised on fraud, he must plead the factual bases "with particularity." *Moreland v. Wood,* No.

---

6 The fact that Citigroup is the indirect corporate parent of CitiMortgage and Citibank, N.A. (whether looking to Citibank in its corporate capacity or as Trustee for CMLTI Asset Trust), is insufficient as a matter of law to make Citigroup liable for its affiliates' alleged actions or omissions. *See Osiris Therapeutics, Inc. v. MiMedx Grp., Inc.*, Case no. 1:19-cv-00857, 2020 WL 11192769, at *2 (N.D. Ga. Feb. 24, 2020) ("The mere ownership of a subsidiary does not justify the imposition of liability on the parent.") (citation and internal marks omitted).

CV 214–143, 2015 WL 1799898, at *12 (S.D. Ga. Apr. 16, 2015); *see also* Fed. R. Civ. P. 9(b). Asker's pleadings failed to satisfy even the most basic of pleading requirements, let alone "satisfy the heightened pleading standards embodied in Federal Rule of Civil Procedure 9(b), which requires the plaintiff to 'state with particularity the circumstances constituting fraud.'" *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020) (citation omitted). "'Here, as previously discussed, [Asker's] most critical allegations are either conclusory or premised [on speculation] . . . as opposed to specific facts.'" [Doc. 218 – Pg. 37] (quoting *Amnet ESOP Corp. v. CrossCountry Mortg., Inc.*, Civil Action No. 2:23-cv-10-RWS, 2023 WL 9181488, at *18 (N.D. Ga. Dec. 18, 2023)).

Asker fails to set forth any valid legal argument that would warrant reversal based on the issue of timing and the statute of limitations. The final dismissal of Citi with prejudice must therefore be affirmed.

## CONCLUSION

Based on these facts and authorities, this Court should affirm the District Court's Orders finding the Fourth Amended Complaint was the operative complaint, dismissing Asker's claims against CitiMortgage, Citibank, N.A. and Citigroup with prejudice, and denying further leave to amend.

Dated: February 23, 2026.

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Erik L. Johnson*

Erik L. Johnson
1909 K Street, 12th Floor
Washington, D.C. 20006-1157
T: 202.661.2200
F: 202.661.2299
johnsonel@ballardspahr.com

Keisha O. Coleman
999 Peachtree Street, Suite 1000
Atlanta, GA 30309
T: 678.420.9300
F: 678.420.9301
colemank@ballardspahr.com

*Counsel for Appellees CitiMortgage, Inc. and Citigroup Inc. and Citibank, N.A.*

## CERTIFICATE OF COMPLIANCE

The undersigned certify that this Brief complies with the type-volume limitations set forth in Federal Rule of Appellate Procedure 32(a)(7)(A) and Eleventh Circuit Rule 32-4 because it contains 6,305 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4.

The undersigned further certify that this Brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface of Times New Roman 14-point font.

*/s/ Erik L. Johnson*
Erik L. Johnson

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I electronically filed the foregoing Appellees Answer Brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system, as well as by U.S. Mail, postage pre-paid to:

Mohamed Asker
907 Emory Street, P.O. Box 54
Oxford, GA 30054
*Pro Se Plaintiff/Appellant*

*/s/ Erik L. Johnson*
Erik L. Johnson