APPEAL NO. 25-14153

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

MOHAMED ASKER,

Appellant,

v.

BANK OF AMERICA, N.A., *et al.*,

Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA,
Civil Action File No. 1:24-cv-05323-LMM

---

# BRIEF OF APPELLEE CORELOGIC VALUATION SERVICES, INC.

---

Timothy J. St. George
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
(804) 697-1254
Timothy.st.george@troutman.com

*Counsel for Appellee CoreLogic Valuation Services, Inc.*

## TABLE OF CONTENTS

**Page**


STATEMENT REGARDING ORAL ARGUMENT ....................................................1

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF THE ISSUES....................................................1

STATEMENT OF THE CASE....................................................2

SUMMARY OF THE ARGUMENT ....................................................5

STANDARD OF REVIEW....................................................6

ARGUMENT....................................................7

I. Appellant Waived Arguments Regarding Dismissal of CoreLogic. ...............7

II. The District Court Properly Dismissed the Fourth Amended Complaint. ....................................................8

a. Appellant's Fourth Amended Complaint is a shotgun pleading. ..........8

b. Appellant failed to satisfy the requirements of Fed. R. Civ. P. 9(b). ....................................................11

c. Appellant's RICO claims fail as a matter of law. ..............................12

III. Appellant's RICO Allegations Are Time Barred. ........................................15

IV. The District Court Properly Denied Further Motion for Leave to Amend....................................................17

CONCLUSION....................................................19

CERTIFICATE OF COMPLIANCE....................................................21

CERTIFICATE OF SERVICE ....................................................22

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Alborno v. Wells Fargo Bank, N.A.*,
No. 1:17-cv-04858, 2018 U.S. Dist. LEXIS 246950 (N.D. Ga. Mar. 21, 2018) ........ 14

*Bagby v. Clayton Cnty. Sheriff*,
No. 1:24-cv-03439, 2025 U.S. Dist. LEXIS 59745 (N.D. Ga. Mar. 31, 2025) ........ 19

*Barton v. Peterson*,
733 F. Supp. 1482 (N.D. Ga. 1990) ........ 12

*Beckwith v. Bellsouth Telecomms., Inc.*,
146 F. App'x 368 (11th Cir. 2005) ........ 8, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2009) ........ 7

*Bellamy v. Ttec Holdings, Inc.*,
No. 1:23-CV-0940, 2025 U.S. Dist. LEXIS 120597 (N.D. Ga. June 24, 2025) ........ 18

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*,
116 F.3d 1364 (11th Cir. 1997) ........ 11

*Byrne v. Nezhat*,
261 F.3d 1075 (11th Cir. 2001) ........ 9

*Cisneros v. Petland, Inc.*,
972 F.3d 1204 (11th Cir. 2020) ........ 13, 14

*Davis v. Coca-Cola Bottling Co. Consol.*,
516 F.3d 955 (11th Cir. 2008) ........ 9

*Deppe v. Sovinski*,
No. 25-10646, 2025 U.S. App. LEXIS 33321 (11th Cir. Dec. 19, 2025) ........ 8

*Echeverry v. Weiner*,
720 F. App'x 598 (11th Cir. 2018) ........ 8

*Edwards v. Prime, Inc.*,
602 F.3d 1276 (11th Cir. 2010) ....................................................................14

*Flagg v. First Premier Bank*,
257 F. Supp. 3d 1351 (N.D. Ga. 2017)..............................................................13

*Forbus v. Sears Roebuck & Co.*,
30 F.3d 1402 (11th Cir. 1994) .........................................................................7

*Goodman Estate v. Select Portfolio Servicing*,
No. 1:19-cv-03935, 2019 U.S. Dist. LEXIS 233174 (N.D. Ga. Dec. 19, 2019) ..........................................................................................................11

*Grimes v. Tech. Coll. Sys. of Ga.*,
No. 1:20-cv-1017, 2020 U.S. Dist. LEXIS 271935 (N.D. Ga. Aug. 13, 2020) ..........................................................................................................16

*Henry v. Norcross*,
No. 1:16-cv-03008, 2016 U.S. Dist. LEXIS 204845 (N.D. Ga. Nov. 14, 2016) ...................................................................................................10

*L.S. ex rel. Hernandez v. Peterson*,
982 F.3d 1323 (11th Cir. 2020) ....................................................................18

*Hunt v. Aimco Props., L.P.*,
814 F.3d 1213 (11th Cir. 2016) ......................................................................6

*Isaiah v. JPMorgan Chase Bank*,
960 F.3d 1296 (11th Cir. 2020) ......................................................................7

*J.C. v. I. Shri Khodiyar, LLC*,
624 F.Supp.3d 1307 (N.D. Ga. 2022)...............................................................15

*Martin v. Biolab, Inc.*,
No. 1:05-cv-00835, 2008 U.S. Dist. LEXIS 129812 (N.D. Ga. Mar. 31, 2008) ..........................................................................................................16

*Moorer v. Demopolis Waterworks & Sewer Bd.*,
374 F.3d 994 (11th Cir. 2004) (*per curiam*).........................................................7

*Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*,
306 F. Supp. 3d 1335 (N.D. Ga. 2017)..............................................................10

*Simpson v. Sanderson Farms, Inc.*,
744 F.3d 702 (11th Cir. 2014) ....................................................................14

*Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*,
275 F.3d 1014 (11th Cir. 2001) ....................................................................8

*Timson v. Sampson*,
518 F.3d 870 (11th Cir. 2008) ......................................................................8

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
792 F.3d 1313 (11th Cir. 2015) ....................................................................9

**Statutes**

18 U.S.C. § 1962 ....................................................................................1

18 U.S.C. § 1964(c) ................................................................................14

18 U.S.C. § 1965 ...............................................................................12, 14

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1331 ....................................................................................1

CoreLogic act ..........................................................................................6

Predicate Act ..........................................................................................10

RICO ...............................................................................................*passim*

RICO, 18 U.S.C. § 1962(a), (c), and (d) ....................................................3

RICO, O.C.G.A. § 16-14-4(b) and (c) .......................................................3

**Other Authorities**

*Appellant's Brief* at 7-8 ..............................................................................5

co-Appellee Select Portfolio Servicing. *Appellant's Brief* ........................17

Fed. R. App. P. 4(a)(2) ..................................................................................1

Fed. R. App. P. 28(a)(8)(A) ...........................................................................7

Fed. R. Civ. P. 8(a) and 9(b) .........................................................................2

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 4

Federal Rule of Civil Procedure 9(b) ................................................................ *passim*

Federal Rule of Civil Procedure 59(e) (App'x A-2, Doc. 242) ................................ 5

Proposed Seventh Amended Complaint. *Appellant's Brief* .................................... 17

Rule 8(a) ................................................................................................... 5, 8

Rule 8(a) and Rule 9(b) .................................................................................. 6

Rule 15 ........................................................................................................ 17

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, CoreLogic Valuation Solutions, Inc. ("CoreLogic"), does not request oral argument in this case.

## JURISDICTIONAL STATEMENT

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331, as the Fourth Amended Complaint asserted claims against CoreLogic under the federal Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962.

On November 6, 2025, the District Court issued an Order adopting the Magistrate Judge's Report and Recommendation, which granted CoreLogic's Motion to Dismiss (App'x A-1, Doc. 239), and the District Court subsequently entered final judgment in the case in favor of CoreLogic and the other Appellees against Appellant. App'x A-1, Doc. 240.

This Court has subject-matter jurisdiction over this appeal under 28 U.S.C. § 1291, as the District Court's final judgment entered against Appellant disposed of all claims as to all parties. Appellant filed his notice of appeal on November 21, 2025 (App'x A-4, Doc. 245), so this appeal is considered timely filed within 30 days after the entry of final judgment. Fed. R. App. P. 4(a)(2).

## STATEMENT OF THE ISSUES

1. Whether Appellant waived his arguments for reversal against CoreLogic by not addressing on appeal the arguments raised by CoreLogic before the District Court that led to dismissal of the claims against CoreLogic.

2. Whether the District Court properly dismissed the operative Complaint as non-complaint with Fed. R. Civ. P. 8(a) and 9(b), including when the 403-page Complaint generally failed to differentiate among the conduct of the numerous Defendants.
3. Whether the District Court properly dismissed Appellant's claims against CoreLogic on procedural grounds, including by finding:
    a. The Fourth/Fifth Amended Complaints were "shotgun" pleadings;
    b. All fraud-based claims failed to satisfy the requirements of Federal Rule of Civil Procedure 9(b); and
    c. The asserted federal and state RICO claims were filed well outside applicable statutes of limitation.
4. Whether the District Court properly dismissed the operative Complaint when Appellant's RICO claims failed to plead facts supporting several required elements: enterprise, pattern, predicate acts, and causation.
5. Whether the District Court's decision to deny Appellant leave to file a proposed Seventh Amended Complaint was "clear error," including when the putative Complaint did not seek to advance any claims against CoreLogic.

## STATEMENT OF THE CASE

On November 20, 2024, Appellant initiated this action with a 403-page Complaint, alleging that CoreLogic and the other Appellees participated in a "fraud-

for-profit" scheme relating to his residential mortgage loan. CoreLogic's Supplemental Appendix ("Supp. App'x"), Doc. 1. The District Court struck the initial Complaint as an impermissible "shotgun" pleading and granted leave to amend. Supp. App'x, Doc. 18. Later, Appellant filed an untimely Amended Complaint. Supp. App'x, Doc. 20. On March 3, 2025, Appellant filed a Motion for Relief Concerning Defective Service of Process and asked for another extension of time to further amend his Complaint. Supp. App'x, Doc. 49.

On April 7, 2025, the Court entered an Order (Supp. App'x, Doc. 56) giving Appellant a final extension of time to file an amended complaint that complied with the Federal Rules of Procedure. A series of Complaints then followed:

- On April 21, 2025, Appellant filed a pleading titled "Fourth Amended Complaint". Supp. App'x, Doc. 57.
- On April 29, 2025, Appellant filed a pleading titled "Fifth Amended Complaint". App'x A-8, Doc. 58.
- On April 29, 2025, Appellant also filed a pleading titled "Notice of Filing Second Amended Complaint." Supp. App'x, Doc. 59.

The Fourth and Fifth Amended Complaints contained the following claims against CoreLogic: (1) a violation of federal RICO, 18 U.S.C. § 1962(a), (c), and (d); (2) a violation of Georgia RICO, O.C.G.A. § 16-14-4(b) and (c). Supp. App'x, Doc. 57. Those Complaints each spanned more than 400 pages.

The RICO claims asserted against CoreLogic were based on the conclusory allegation that CoreLogic "[c]onspired with MERS to craft and record a bogus assignment in Newton County, furthering the fraud-for-profit scheme." *Id*. at 8. That alleged assignment occurred in 2011 – almost 14 years prior to the filing of the original Complaint, which was well outside the relevant statute of limitations. Further, Appellant generally: (1) failed to allege the specifics of any relationships between CoreLogic and the other co-defendants – let alone show an "enterprise"; (2) failed to show a "pattern" of fraudulent racketeering activity by alleging only a single transaction involving CoreLogic; and (3) failed to plausibly allege any direct nexus between the alleged act involving CoreLogic and Appellant's injuries. *See generally id.*

For those reasons, CoreLogic sought dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Supp. App'x, Docs. 175, 201, 215.

On September 9, 2025, the Magistrate Judge issued a Final Report and Recommendation ("R&R") concluding that the operative Fourth—and unauthorized Fifth Amended Complaints—remained shotgun pleadings, and that further amendment was not warranted. App'x A-5, Doc. 218. The federal and Georgia RICO claims against CoreLogic were also dismissed on the merits based on Appellant's failure to plead the required elements. The Magistrate Judge found that because his RICO claims are premised on fraud, they must be pled with particularity;

however, Appellant's "most critical allegations" are either conclusory or premised on speculation, rather than specific facts. *Id.* at 37. Furthermore, those claims were also dismissed as barred by the applicable statutes of limitations. *Id.* at 32.

On November 6, 2025, the District Court adopted the Magistrate's Recommendation, overruled Plaintiff's objections, and entered final judgment. App'x A-1, Doc. 239.

Following Appellant's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) (App'x A-2, Doc. 242), the District Court amended its judgment to explicitly hold that leave to file the Proposed Seventh Amended Complaint was denied on the merits based on repeated failure to cure, undue delay, and futility. App'x A-3, Doc. 243; App'x A-7, Doc. 223.

On appeal, Appellant's Brief raises three issues, none of which concern CoreLogic specifically. *Appellant's Brief* at 7-8. Appellant's Brief does not address whether the District Court erred in finding that his Fourth/Fifth Amended Complaint was an improper shotgun pleading, that Appellant failed to satisfy Fed. R. Civ. P. 9(b), or that Appellant failed to state a claim for relief against CoreLogic.

## SUMMARY OF THE ARGUMENT

The District Court held Appellant failed to state a claim for relief against Appellees, including CoreLogic. The Court correctly held that the Fourth/Fifth Amended Complaints: (1) were improper shotguns pleading under Rule 8(a); (2)

failed to satisfy the heighted pleading requirements of Rule 9(b) for claims sounding in fraud; (3) failed to state a claim against CoreLogic under federal or Georgia RICO law; and (4) found that Appellant's RICO claims against CoreLogic were untimely.

On appeal, Appellant did not address his failures to state any viable claim against CoreLogic, making arguments specific only to certain co-Appellees (*e.g.*, Bank of America). He has, therefore, forfeited those arguments on appeal.

Even assuming preservation, the District Court correctly held that Plaintiff's vague and undifferentiated allegations against a host of Appellees failed to meet the applicable pleading standards of Rule 8(a) and Rule 9(b).

Further, the District Court correctly held Appellant's Fourth/Fifth Amended Complaint failed to state a plausible RICO claim against CoreLogic, and that the timing of the alleged CoreLogic act also confirmed those claims were time-barred.

Finally, the District Court properly denied Appellant's Motion for Leave to file a Proposed Seventh Amended Complaint, concluding any amendment would be futile. That conclusion was especially true as to CoreLogic given that the Proposed Seventh Amended Complaint asserted no claims against CoreLogic.

## STANDARD OF REVIEW

A district court's grant of a motion to dismiss is reviewed *de novo*. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). To survive a motion to

dismiss, a complaint must contain enough facts that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009).

A district court's denial of leave to amend is reviewed for abuse of discretion. *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994). An abuse of discretion review requires this Court to affirm unless it "determine[s] that the district court has made a clear error of judgment, or has applied an incorrect legal standard." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 996-97 (11th Cir. 2004) (*per curiam*) (quotation marks omitted).

This Court may affirm the District Court's decision on any basis supported by the record below. *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1305 n.7 (11th Cir. 2020).

## ARGUMENT

### I. Appellant Waived Arguments Regarding Dismissal of CoreLogic.

An appellant's brief "must contain … appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Appellant's arguments fall far short of that standard as to CoreLogic.

Appellant did not address *any* arguments regarding the District Court's dismissal of his claims against CoreLogic—including the holdings regarding his failure to state a claim. Indeed, apart from naming the Appellees, he fails to mention CoreLogic *at all* in his opening brief.

Appellant has, therefore, waived all arguments against CoreLogic, and the appeal against CoreLogic can be rejected on that basis alone. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (When a party fails to properly brief an issue, we consider that issue abandoned."); *Echeverry v. Weiner*, 720 F. App'x 598, 599 (11th Cir. 2018) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014)) ("[A] party fails to adequately 'brief' an issue when she does not 'plainly and prominently' raise it in her brief.").[1]

## II. The District Court Properly Dismissed the Fourth Amended Complaint.

### a. Appellant's Fourth Amended Complaint is a shotgun pleading.

Even assuming preservation, the District Court properly held that Appellant's Fourth/Fifth Amended Complaints were improper shotgun pleadings that did not meet the pleading standards of Rule 8(a).

A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir.

[1] That appellate standard applies equally to *pro se* litigants. *See, e.g.*, *Deppe v. Sovinski*, No. 25-10646, 2025 U.S. App. LEXIS 33321, at *5-6 (11th Cir. Dec. 19, 2025) (internal quotations and citations omitted) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. However, a court may not serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action. [I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

2001). Shotgun pleadings characteristically fail to specify which defendant is responsible for each act alleged. *Beckwith*, 146 F. App'x at 372 ("It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant.").

The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings because such pleadings "wreak havoc on the judicial system." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001).

The Fourth and Fifth Amended Complaints were quintessential shotgun pleadings. First, they directed numerous claims for relief against the "Enterprise Defendants," without defining that term. As a result, CoreLogic, along with the other Appellees, would have been required to speculate whether those claims apply to them. Asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" warrants dismissal. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). That was true here.

As noted above, the Fourth and Fifth Amended Complaints contain nothing more than a single factual allegation as to CoreLogic regarding the recordation of an assignment in 2011. Supp. App'x, Doc. 57. Otherwise, they speak in terms of

confusing generalities, failing to differentiate amongst the many Appellees with respect to the claims asserted, and often containing only a single and conclusory phrase in the form of a "core allegation" to allegedly support the claims asserted. That also required dismissal. *See e.g., Henry v. Norcross*, No. 1:16-cv-03008, 2016 U.S. Dist. LEXIS 204845, at *28–30 (N.D. Ga. Nov. 14, 2016) (dismissing complaint as shotgun pleading because it "fails to separate out the Defendants or even conclusorily allege that any individual Defendant is liable for any individual act"), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 236364 (N.D. Ga. Jan. 5, 2017); *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1345 (N.D. Ga. 2017).

The Magistrate Judge and District Court recognized each of those issues. The Magistrate Judge held that the Fourth and Fifth Amended Complaints constitute "classic shotgun pleadings" because they are "riddled with conclusory, vague, and immaterial facts, not obviously connected to a cause of action." App'x A-5, Doc. 218, at 12. In concluding that Appellant failed to "adequately specify which [d]efendants are responsible for which actions," the Magistrate Judge noted that Appellant asserted claims against "Enterprise Defendants" and "Predicate Act Defendants," but "d[id] not identify in either complaint which defendants make up these apparent groups." *Id.* The District Court restated and affirmed the Magistrate

Judge's reasoning, confirming Appellant failed "to give the defendants adequate notice of the claims against them." App'x A-1, Doc. 239, at 8–9.

Thus, the case was properly dismissed on that basis alone.

**b. Appellant failed to satisfy the requirements of Fed. R. Civ. P. 9(b).**

The District Court also correctly concluded that Appellant's Fourth Amended Complaint failed to satisfy the heightened pleading requirements of Rule 9(b).

For complaints sounding in fraud, Rule 9(b) requires that the complaint include the precise statements were made in what documents, the time and place of the statement(s) and the person who made them, the content of the statements and the manner in which they misled the plaintiff, and what the defendant obtained as a result of the fraud. *Brooks v. Blue Cross and Blue Shield of Florida, Inc*., 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiff, however, alleged <u>*nothing*</u> in that regard as to CoreLogic. Indeed, the only factual allegation against CoreLogic was that it publicly recorded a mortgage assignment in 2011. Supp. App'x, Doc. 57.

That does not satisfy the federal pleading standards of Rule 9(b) for federal RICO claims predicated upon alleged fraud. *Goodman Estate v. Select Portfolio Servicing*, No. 1:19-cv-03935, 2019 U.S. Dist. LEXIS 233174, at *45 (N.D. Ga. Dec. 19, 2019) (quoting *Crawford v. Green Tree Servs. LLC*, No. 2:14-cv-00279, 2015 U.S. Dist. LEXIS 40879, at *5 (N.D. Ga. Mar. 31, 2015)) ("[G]eneral

allegations of fraud and conspiracy . . . associated with the mortgage lending industry…are not viable claims [under RICO].”).

The District Court acknowledged Appellant’s failure to properly plead a RICO claim under Rule 9(b). Specifically, the Magistrate Judge found that because “his RICO claims are premised on fraud [they] must be pled with particularity,” and then dismissed Appellant’s fraud claims because the “allegations are either conclusory or premised on speculation as opposed to specific facts.” App’x A-5, Doc. 218, at 36.

The fraud-based RICO claims against CoreLogic further failed because they involved a challenged ***public*** recordation of a mortgage assignment. Supp. App’x, Doc. 57. That type of public recordation cannot serve as the basis for a claim of fraud. *Barton v. Peterson*, 733 F. Supp. 1482, 1490 (N.D. Ga. 1990) (finding that information that is a matter of public record “cannot really be concealed”). Although the District Court did not reach that specific argument, this Court can affirm on that basis.

**c. Appellant’s RICO claims fail as a matter of law.**

Appellant’s federal and Georgia RICO claims also failed as a matter of law.

To adequately plead a federal civil RICO violation under 18 U.S.C. § 1965, a plaintiff must plausibly allege six elements, showing the defendants: “(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that

included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *See Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). If a litigant fails to adequately plead any one of these elements, then he has failed to state a claim upon which relief may be granted. *Id.* Appellant adequately plead ***none*** of them.

First, Appellant alleged an "association-in-fact" enterprise, which requires him to show "that a group of persons shares three structural features: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.*

Appellant failed to allege any "relationships" among those associated with the "enterprise;" as to CoreLogic, Appellant simply asserts that CoreLogic recorded an assignment at the request of co-Appellee MERS. But such routine business relationships alone are insufficient to impose RICO liability. *See Flagg v. First Premier Bank*, 257 F. Supp. 3d 1351, 1360 (N.D. Ga. 2017) (defendants were not part of alleged association-in-fact enterprise where they merely had a business relationship with and performed services for alleged enterprise because "performance of such services is not the equivalent of participation in the operation and management of the enterprise"). Appellant also fails to allege any relationships between CoreLogic and the other co-Appellees or that CoreLogic "operated" or "managed" anything at all.

Second, "[a] 'pattern of racketeering activity…'requires at least two acts of racketeering activity.'" *Alborno v. Wells Fargo Bank, N.A.*, No. 1:17-cv-04858, 2018 U.S. Dist. LEXIS 246950, at *25 (N.D. Ga. Mar. 21, 2018) (quoting *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006)), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 246947 (N.D. Ga. Apr. 16, 2018). Appellant's RICO claims against CoreLogic relate to a *single* event – the recordation of an assignment in 2011. Supp. App'x, Doc. 57. Hence, Corelogic was properly dismissed, as a single transaction is not sufficient to establish a pattern of racketeering activity to support a RICO claim. *Cisneros*, 972 F.3d at 1219.

Third, to recover damages under RICO, a plaintiff must sufficiently allege that he suffered an injury by reason of a violation of § 1965, and that the predicate act was the proximate cause of his harm. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291–92 (11th Cir. 2010); 18 U.S.C. § 1964(c). Appellant's conclusory allegation that CoreLogic "[c]onspired with MERS to craft and record a bogus assignment in Newton County," are wholly conclusory and are insufficient to plausibly show a direct nexus between the alleged act and Appellant's injuries. Therefore, Appellant's RICO claim against CoreLogic was properly dismissed. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 713 (11th Cir. 2014) (conclusory allegations are insufficient to establish proximate cause; affirming district court's dismissal of federal and Georgia RICO claims for failing plausibly to show proximate cause).

Relatedly, Appellant's Georgia RICO claims against CoreLogic were properly dismissed. "To state a civil claim based upon a violation of the Georgia RICO Act, a plaintiff must plausibly allege that (1) the defendant violated the Georgia RICO Act; (2) as a result of this conduct, the plaintiff has suffered an injury; and (3) the defendant's violation of the Georgia RICO Act was the proximate cause of plaintiff's injury." *J.C. v. I. Shri Khodiyar, LLC,* 624 F.Supp.3d 1307, 1321 (N.D. Ga. 2022). "The federal and Georgia RICO acts are 'essentially identical, meaning failure to state a claim under the federal act warrants dismissal under the Georgia act.'") (quoting *Feldman v. Am. Dawn, Inc*., 849 F.3d 1333, 1342 (11th Cir. 2017)). Thus, the Georgia RICO claims were also properly dismissed, as they failed in tandem with the federal RICO claims.

## III. Appellant's RICO Allegations Are Time Barred.

Although deficient in their substance, the one fact that is apparent from Appellant's allegations against CoreLogic is that his federal and Georgia RICO claims are time barred.

The CoreLogic conduct challenged by Appellant—the alleged failure to record an assignment—occurred in 2011. Appellant's claims against CoreLogic are based on the allegation that CoreLogic "[c]onspired with MERS to craft and record a bogus assignment in Newton County, furthering the fraud-for-profit scheme." Supp. App'x, Doc. 57, at 8. The assignment itself is dated August 15, 2011 – almost

*fourteen* years ago. Supp. App'x, Doc. 175, Ex. A. There are no other factual allegations directed at CoreLogic, and Appellant does not allege any purported racketeering activity by CoreLogic after 2011.

Appellant's attempt on appeal to invoke "equitable tolling" based on "fraudulent concealment" also is unavailing. Appellant argues that the statute of limitations for his RICO claims should be tolled because defendants, including CoreLogic, "actively concealed their fraud." Supp. App'x, Doc. 57, at 11.

"To demonstrate that time-barred claims may be subject to equitable tolling, a plaintiff must plead factual content to plausibly allege such a finding." *Grimes v. Tech. Coll. Sys. of Ga.*, No. 1:20-cv-1017, 2020 U.S. Dist. LEXIS 271935, at *36 (N.D. Ga. Aug. 13, 2020). As an initial matter, equitable tolling is not available here because Appellant provides no actual facts in support of that conclusory claim. And, in any event, that claim of fraudulent "concealment" can have no application to CoreLogic, which is alleged to have *publicly* recorded an assignment in Georgia. *See Martin v. Biolab, Inc.*, No. 1:05-cv-00835, 2008 U.S. Dist. LEXIS 129812, at *18 (N.D. Ga. Mar. 31, 2008) (finding that "there can be no [fraudulent] concealment claim arising from matters of public record").

The Magistrate Judge thus properly held – and the District Court affirmed – that Asker's claims are barred by the applicable statutes of limitations, and equitable tolling is not warranted. App'x A-1, Doc. 239, at 6 ("Asker's claims fall far outside

the statute of limitations[.]"); App'x A-5, Doc. 218, at 31–32 ("[Appellant's] claims are barred by the applicable statutes of limitations, and equitable tolling is not warranted," because "[t]he fourth and fifth amended complaints "plead no plausible basis for tolling the limitations periods.").[2]

## IV. The District Court Properly Denied Further Motion for Leave to Amend.

Appellant last claims the District Court committed "reversible error" by denying his Motion for Leave to file his Proposed Seventh Amended Complaint. *Appellant's Brief*, at 14. Specifically, he asserts the District Court could not deny leave to amend on the merits without "reviewing the proposed cure itself" in the form of yet another proposed complaint. Not so.

As stated by the District Court, "[g]iven Asker's repeated failure to correct the deficiencies in his pleadings, the Court was well within its discretion to deny his request to amend his complaint a seventh time." App'x A-1, Doc. 239, at 5. In fact, *Foman v. Davis* stands for the proposition that courts have discretion to deny a Rule 15 motion to amend if the plaintiff repeatedly fails to cure pleading deficiencies. 371 U.S. 178, 182 (1962). That is exactly what the District Court did here. App'x A-1, Doc. 239 at 5.

[2] Appellant's Brief briefly argues that the statute of limitations was tolled based on a November 11, 2024 "lien-status notice" issued by co-Appellee Select Portfolio Servicing. *Appellant's Brief* at 14–16. However, these claims are not based on factual allegations that apply to CoreLogic, and they therefore cannot form the basis for reversal as to CoreLogic.

That denial of leave to amend was especially appropriate here given that the Proposed Seventh Amended Complaint did not fundamentally change the deficiencies identified by the District Court. The Proposed Seventh Amended Complaint merely expands on the allegations contained in the dismissed Fourth and Fifth Amended Complaints and does not cure the identified structural defects, *i.e.*, Appellant's failure to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." App'x A-1, Doc. 239, at 8–9. Based on Appellant's failure to cure the deficiencies identified by the District Court, there was ample reason to deny Appellant leave to amend and file his Proposed Seventh Amended Complaint. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss . . . stage."). Indeed, courts routinely deny leave to amend—especially for a *<u>seventh</u>* time—where the proposed amendments cannot overcome such dispositive legal barriers. *See, e.g.*, *Bellamy v. Ttec Holdings, Inc.*, No. 1:23-CV-0940, 2025 U.S. Dist. LEXIS 120597, at *7 (N.D. Ga. June 24, 2025) (denying leave to amend where the court gave plaintiff multiple opportunities to "address her pleading deficiencies" and plaintiff still failed to state a claim).

Furthermore, the District Court's denial of leave to amend was especially proper as to CoreLogic, as the Proposed Seventh Amended Complaint *<u>entirely omits</u>* CoreLogic as a proposed defendant and contains no factual allegations implicating

CoreLogic. Therefore, further leave to amend would also be futile as to CoreLogic, which also supports affirmance as to it on this issue. *Bagby v. Clayton Cnty. Sheriff*, No. 1:24-cv-03439, 2025 U.S. Dist. LEXIS 59745, at *11 (N.D. Ga. Mar. 31, 2025) (finding amendment would be futile when the amended complaint contained no allegations that defendant had any involvement in the relevant conduct).

## CONCLUSION

For the reasons above, CoreLogic respectfully requests that the Court affirm the District Court's grant of CoreLogic's Motion to Dismiss and its denial of leave to file a Proposed Seventh Amended Complaint.

Dated: February 23, 2026

Respectfully submitted,

*/s/ Timothy J. St. George*

Timothy J. St. George, Esq.
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
(804) 697-1254
timothy.st.george@troutman.com

Sarah T. Reise
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 885-3719
sarah.reise@troutman.com

*Counsel for Appellee CoreLogic Valuation Services, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that this brief complies with the type-volume limitation. This brief contains 5057 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using a word-processing program.

Dated: February 23, 2026

*/s/ Timothy J. St. George*

Timothy J. St. George, Esq.
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
(804) 697-1254
timothy.st.george@troutman.com

*Counsel for Appellee CoreLogic Valuation Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of February 2026, I electronically filed the within and foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the counsel of record.

*/s/ Timothy J. St. George*
Timothy J. St. George, Esq.
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
(804) 697-1254
timothy.st.george@troutman.com

*Counsel for Appellee CoreLogic Valuation Services, Inc.*