NO. 25-14153

IN THE

United States Court of Appeals

FOR THE ELEVENTH CIRCUIT

MOHAMED HUSSEIN ASKER

*Plaintiff-Appellant,*

v.

BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING, INC.; FAY SERVICING, LLC; MCCALLA RAYMER LEIBERT PIERCE, LLP; CITIMORTGAGE, INC.; CITIGROUP INC.; CITIBANK, N.A.; NEUBERGER BERMAN INVESTMENT ADVISORS LLC; QBE INSURANCE CORPORATION; CORELOGIC VALUATION SOLUTIONS, INC.; NATIONWIDE TITLE CLEARING, INC.; FIRSTKEY MORTGAGE, LLC; U.S. BANK NATIONAL ASSOCIATION; U.S. BANCORP,

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Northern District of Georgia
Civil Action File No. 1:24-cv-05323-LMM-RGV

# BRIEF OF DEFENDANT-APPELLEE QBE INSURANCE CORPORATION

Angela Ransom
FOX ROTHSCHILD LLP
999 Peachtree St., NE, Suite 1500
Atlanta, GA 30309
(404) 658-9726

Elizabeth Brooks Scherer
FOX ROTHSCHILD LLP
301 Hillsborough Street, Suite 1120
Raleigh, NC 27603
(919) 755-8700

*Counsel for Appellee QBE Insurance Corporation*

# **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Circuit Rule 26.1-1, Appellee QBE Insurance Corporation ("QBE"), through undersigned counsel, certifies that the contents of its prior Certificate of Interested Persons and Corporate Disclosure Statement, which were filed on December 15, 2025, are complete and accurate as of the date of this filing and require no amendment.

## STATEMENT REGARDING ORAL ARGUMENT

As oral argument would not be helpful to this Court's disposition of the case, QBE is not requesting it.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT .......... C 1 of 1

STATEMENT REGARDING ORAL ARGUMENT .......... i

TABLE OF CONTENTS .......... ii

TABLE OF CITATIONS .......... iii

STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES .......... v

INTRODUCTION .......... 1

STATEMENT OF THE ISSUES .......... 4

STATEMENT OF CASE .......... 5

SUMMARY OF THE ARGUMENT .......... 5

STANDARD OF REVIEW .......... 6

ARGUMENT .......... 6

I. Plaintiff Is Not Challenging the District Court's Dismissal of His Claims Against QBE .......... 6

II. Plaintiff Waived His Right to Challenge the Dismissal of His Claims Against QBE by Failing to Object to the Magistrate Judge's Recommendations as to Those Claims .......... 8

III. Plain Error Review Is Not Warranted Here .......... 9

CONCLUSION .......... 13

CERTIFICATE OF COMPLIANCE .......... 14

# TABLE OF CITATIONS

**Page(s)**

**Cases:**

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019) ........................................................ 12

*Foman v. Davis*,
371 U.S. 178, 83 S. Ct. 227 (1962)............................................... 10, 11

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
662 F.3d 1292 (11th Cir. 2011) ........................................................ 6

*Lehman v. Lucom*,
727 F.3d 1326 (11th Cir. 2013) ........................................................ 12

*Rotella v. Wood*,
528 U.S. 549, (2000)........................................................................ 11

*Smith v. Marcus & Millichap, Inc.*,
106 F.4th 1091 (11th Cir. 2024) ..................................................... 9, 10

*Taveras v. Bank of Am., N.A.*,
89 F.4th 1279 (11th Cir. 2024) .......................................................... 6

*United States v. Beach*,
80 F.4th 1245 (11th Cir. 2023) ........................................................ 10

*United States v. Schultz*,
565 F.3d 1353 (11th Cir. 2009) ........................................................ 9

*Williams v. McNeil*,
557 F.3d 1287 (11th Cir. 2009) ........................................................ 6

**Statutes:**

15 U.S.C. § 6701 ................................................................................ 3

28 U.S.C. § 636 .................................................................................. 8

O.C.G.A. § 16-14-8.......................................................................... 11

**Rules:**

11th Cir. R. 3-1 ....................................................................................6, 9

11th Cir. L.R. 28-5 ....................................................................................1

Fed. R. Civ. P. 12 ....................................................................................1

Fed. R. Civ. P. 15 ....................................................................................10

Fed. R. Civ. P. 59 ....................................................................................10

N.D. Ga. L.R. 72.1(E) ....................................................................................9

**Other Authorities:**

31 C.F.R. § 50.1 *et seq.*. ....................................................................................3

31 C.F.R. § 50.3 ....................................................................................3

31 C.F.R. § 50.10(a) ....................................................................................3

Terrorism Risk Insurance Act of 2002,
Pub. L. No. 107–297, 116 Stat. 2322 ....................................................................................2

## STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES

QBE incorporates by reference the following portions of Defendant-Appellee Bank of America's brief.

- Statement of the Case
- Standard of Review
- Argument

To the extent that other defendants submit additional arguments supporting the trial court's judgment as applicable to QBE, QBE adopts those arguments as well. Finally, QBE adopts the reasoning and authorities set out in the magistrate judge's well-reasoned report and recommendation and district court's similarly well-reasoned opinions.

# INTRODUCTION

In this district court, this action generated 243 docket entries, even though it never progressed beyond Rule 12(b)(6) motions. During that time—less than a year from commencement to judgment—Plaintiff-Appellant submitted numerous complaints, each fatally defective. Plaintiff's initial complaints named over a dozen defendants, including QBE. *See* Docs. 1, **10**, 16, **20**, 57.[1] But by the time Plaintiff requested permission to file a *seventh* amended complaint, he had decided to drop QBE as a defendant. *See* Doc. 223 at 2 (acknowledging that Plaintiff had narrowed the proposed seventh amended complaint to four defendants); Doc. 222 at 13 (only naming Bank of America; Fay Servicing, LLC; Select Portfolio Servicing, Inc.; and McCalla Raymer Leibert Pierce, LLP as defendants).

Plaintiff's decision to drop QBE from this case was strategic and understandable. His previous efforts to allege a connection between his grievances in this lawsuit and QBE were so tenuous, frivolous, and confusing that they only highlighted the shotgun nature of his serial complaints. A quick review of Plaintiff's misunderstanding of federal law illustrates why.

[1] Pursuant to 11th Circuit Local Rule 28-5, citations to "Doc." are to the district court's PACER docket number, followed by any specific page numbers within that docket number.

For district court documents already part of Plaintiff's appendix, this brief's record citations are in regular font. For district court documents that will be submitted through QBE's forthcoming appendix, record citations are in bold font.

In June 2012, Bank of America, N.A. ("BANA") purchased a commercial hazard insurance policy from QBE to insure property that was securing a commercial loan from BANA to Plaintiff. Docs. 218 at 38; 2-55. Although not particularly relevant here, BANA purchased this policy because Plaintiff had failed to maintain hazard insurance on the property. *See* Doc. 2-55. The QBE policy was only in effect for one year—from June 2012 to June 2013. *See id.* at 4.

Yet, when Plaintiff filed this federal lawsuit in 2024, he framed this simple, decade-old transaction as a baseless claim that QBE had discriminated against and defamed him by labeling him a "terrorism risk." Doc. **57** at 14, 18-19.[2] How? Because QBE's policy included what Plaintiff believed was a so-called "terrorism rider," which Plaintiff contended had been added solely due to his Muslim faith. *Id.* at 14, 18.

But Plaintiff's grievance against QBE was based on a fundamental misunderstanding: the document he called a "terrorism rider" was merely a commonplace coverage and policy disclosure mandated by federal law that had nothing to do with Plaintiff's faith. *See* Doc. 2-55 at 6-10. For context, after the terrorist attacks of September 11, 2001, Congress passed the "Terrorism Risk

[2] Although Plaintiff included only his Fifth Amended Complaint in his Appendix, the magistrate's judge's report and recommendation determined that the Fourth Amended Complaint was the operative pleading. Doc. 218 at 8. Both the magistrate's recommendation and the district court's order denied Plaintiff's motion for leave to accept the Fifth Amended Complaint. *Id.* at 43; Doc. 239 at 9.

Insurance Act of 2002" ("TRIA"). Pub. L. No. 107–297, 116 Stat. 2322 (codified as an addendum to other statutes, including 15 U.S.C. § 6701). TRIA requires certain property and casualty insurers to participate in the "Terrorism Risk Insurance Program" ("TRIP"). TRIA § 103 *et seq.*; 31 C.F.R. § 50.1 *et seq.* TRIP, in turn, requires those participating insurers to offer coverage for losses resulting from certified acts of terrorism, and reimburses insurers who pay such claims. *See* TRIA § 103(a); 31 C.F.R. § 50.3. But to qualify for reimbursement, an insurer must have provided a "clear and conspicuous disclosure" to the insured of any premiums charged for terrorism coverage. TRIA § 103(b)(2); 31 C.F.R. § 50.10(a).

Accordingly, when QBE issued its hazard insurance policy to BANA in 2012, it clearly disclosed the coverage and associated premiums in the following provision: "This policy **includes** coverage for Certified Acts of Terrorism. The charge for this coverage is $0." Doc. 2-55 at 8 (emphasis in original).

In other words, what Plaintiff called a "terrorism rider" had absolutely nothing to do with Plaintiff specifically—not his religion, faith, nationality, race, or any other characteristic. QBE included the provision in its policy simply to comply with federal requirements that govern all commercial property insurance.

Against this backdrop, it is easy to see not only why the district court properly dismissed the Fourth Amended Complaint's claims against QBE, *see* Docs. 218 at 43-44; 239 at 9-10, but also why Plaintiff ultimately made a strategic decision to

drop QBE as a defendant in his proposed Seventh Amended Complaint, *see* Docs. 223 at 2; 222 at 13. Dismissal of the claims against QBE with prejudice should be affirmed.

## **STATEMENT OF THE ISSUES**

1. In the district court, Plaintiff argued only that he should have been allowed to proceed on a proposed seventh amended complaint which dropped all claims against QBE. Plus, Plaintiff's opening appellate brief doesn't offer any specific argument that his claims against QBE should be reinstated. Has Plaintiff abandoned his right to challenge the district court's dismissal of his claims against QBE?
2. In the district court, Plaintiff did not specifically object to the magistrate judge's recommendation that his fourth and fifth amended complaints be dismissed with prejudice. Did Plaintiff waive his right to challenge the district court's dismissal of his claims against QBE?
3. Plaintiff's opening brief does not request plain error review. Nor has Plaintiff made any attempt on appeal to show that the district court's dismissal of his claims against QBE was clear and obvious error. Is plain error review unavailable here?

## STATEMENT OF CASE

*See* Statement of Incorporation by Reference. To prevent unnecessary repetition, QBE also incorporates the factual history and authorities in this brief's Introduction, *supra*.

## SUMMARY OF THE ARGUMENT

After multiple complaints were dismissed as inadequate shotgun pleadings, Plaintiff implicitly acknowledged his claims against QBE had no merit and dropped them from this lawsuit. Even in this appeal, Plaintiff has not offered any argument that his claims against QBE should be reinstated. Instead, his appellate brief (Dkt. 38)[3] asks only that he be allowed to proceed against the four defendants named in the proposed Seventh Amended Complaint (the "PSAC"), none of which are QBE. Plaintiff has either conceded that dismissal of his claims against QBE with prejudice was appropriate or abandoned on appeal any arguments relating to QBE.

But even if Plaintiff had argued in his appellate brief that he should be allowed to move forward with his claims against QBE, he waived that argument below by failing to object to the magistrate judge's report and recommendation. Moreover, plain error review was not requested here. But even if it was, Plaintiff cannot and does not meet the high bar to show the district court committed clear and obvious

[3] Citations to "Dkt." refer to this Court's appellate docket numbers, with any specific pages from the document following.

error by dismissing the claims against QBE. The district court's dismissal of the claims against QBE with prejudice should be affirmed.

## STANDARD OF REVIEW

This Court reviews a district court's adoption of a magistrate judge's report and recommendation for abuse of discretion. *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009). Under that standard, the district court's ruling will be upheld unless it contains "a clear error of judgment, or has applied the wrong legal standard." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011). When an appellant fails to object to the magistrate's report and recommendation before it is adopted by the district court, any challenge to the recommendation is waived and may only be reviewed for plain error under limited circumstances. 11th Cir. R. 3-1.

A district court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024).

## ARGUMENT

### I. Plaintiff Is Not Challenging the District Court's Dismissal of His Claims Against QBE.

The orders on appeal were entered after a magistrate judge issued a report and recommendation. *See* Docs. 218, 239, 243. That report recommended that all claims against QBE in Plaintiff's fourth and fifth amended complaints be dismissed with

prejudice as insufficient shotgun pleadings (Doc. 218 at 12-13), and, to the extent the substance of his AI-generated allegations could be understood, as time-barred (*id.* at 27-32), for lack of standing (*id.* at 32-33 n.20), for failure to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), (*id.* at 35-37), and for failure to state a claim (*id.* at 37-38).[4]

In his objections to these recommendations, Plaintiff did not dispute the magistrate's assessment of his pleadings. *See* Doc. 222. Instead, he moved for leave to file the PSAC which, in his view, would have cured some of the defects identified by the magistrate. *See* Doc. 222 at 1-9. One way the PSAC supposedly did so was by removing several defendants, including QBE, from the lawsuit entirely. *See* Doc. 222 at 2 (noting the proposed pleading "narrows the case to four defendants[,]" none of which were QBE). After adopting the magistrate's recommendations entirely (Doc. 239 at 9-10), the district court denied Plaintiff's motion for leave to amend (Doc. 243 at 5-6).

On appeal, Plaintiff asks only that he be allowed to proceed with the PSAC and pursue claims against defendants other than QBE. *See* Appellant's Br. at 17 (requesting this Court vacate and remand solely for proceedings based on the

---

[4] In addition to recommending dismissal of the Fourth Amended Complaint, the report also recommended denying Plaintiff's motion for leave to accept a fifth amended complaint as the operative pleading. Doc. 218 at 16-7, 43-44. The district court's order adopted both recommendations. Doc. 239 at 9-10.

PSAC). Thus, even assuming for a moment that the PSAC was anything more than another inadequate shotgun pleading, Plaintiff does not challenge the district court's dismissal of his claims against QBE with prejudice. Nor does Plaintiff's opening appellate brief even attempt to explain why the district court's dismissal of QBE was reversible error. Indeed, other than in the caption and certificate of interested persons, Plaintiff's appellate brief does not mention "QBE" at all. *See* Appellant's Br. at 5-17.

Thus, Plaintiff either has conceded that dismissal of his claims against QBE with prejudice was proper or abandoned his efforts to have those claims reinstated. The district court's decision to dismiss all claims against QBE with prejudice should be affirmed.

## II. Plaintiff Waived His Right to Challenge the Dismissal of His Claims Against QBE by Failing to Object to the Magistrate Judge's Recommendations as to Those Claims.

After the magistrate's report and recommendation was entered, Plaintiff had the standard fourteen-day period to file written objections. *See* Doc. 219 at 1; *see also* 28 U.S.C. § 636(b)(1). As discussed above, Plaintiff's objections focused solely on his request to file his PSAC—presenting no objections to the magistrate's determination that his fourth and fifth amended complaints were inadequately pleaded. Doc. 222 at 3 (appearing to concede to "every identified defect" in the magistrate's recommendation before arguing each would be "cured" by the PSAC);

*see United States v. Schultz*, 565 F.3d 1353, 1360-61 (11th Cir. 2009) ("A party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with," and "frivolous, conclusive, or general objections need not be considered by the district court." (cleaned up)). By failing to object to the magistrate's recommendation, Plaintiff waived his right to challenge the dismissal of the claims against QBE at the district court level, *see* N.D. Ga. L.R. 72.1(E), and now on appeal, *see* 11th Cir. R. 3-1.

## III. Plain Error Review Is Not Warranted Here.

While, in certain limited circumstances, this Court may review a district court order for plain error even when an appellant has waived the right to challenge it, plain error review "rarely applies in civil cases" like this one. *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024) (cleaned up). And it should not be applied when an appellant fails to ask for it or explain why it is appropriate. *Id.* (the "rare exception" of plain error review does not apply where an appellant fails to "argue in [his] initial brief that reviewing [his] waived objections was necessary and in the interests of justice" (internal quotation omitted)). Because Plaintiff did neither, *see* Appellant's Br. at 12-16, plain error review cannot salvage his appeal.

But even if Plaintiff had requested it, plain error review still would be inappropriate here. To obtain plain error review, Plaintiff would have had to show (1) "error, (2) that was plain, (3) that affected his substantial rights, and (4) that

seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *United States v. Beach*, 80 F.4th 1245, 1254–55 (11th Cir. 2023) (cleaned up). Plaintiff's appellate brief hasn't even attempted to meet his burden on any of the four prongs of this test. *See* Appellant's Br. at 12-16.

Even setting aside that Plaintiff bears the burden of showing plain error, plain error review is available only for errors that are "clear" or "obvious." *Id.*; *see also Smith*, 106 F.4th at 1099 (plain error review in a civil case requires "a greater showing of error than in criminal appeals" (internal quotation omitted)). But there are no clear or obvious errors here. Indeed, the opposite is true.

For example, Plaintiff argues the district court "abused its discretion" by denying him leave to amend without first analyzing the substance of the PSAC. Appellant's Br. at 7, 13-14. Plaintiff made this argument for the first time in his Civil Rule 59 motion in the district court proceedings, Doc. 242, and then again in two motions filed in this appeal, Dkts. 9, 17. But this refrain rests on a simple (and AI-generated) misreading of *Foman v. Davis*, a landmark Supreme Court case interpreting Rule of Civil Procedure 15(a), which governs amendment of pleadings. 371 U.S. 178, 83 S. Ct. 227 (1962). According to Plaintiff, *Foman* forbids a district court from denying leave to amend unless it explains how the allegations in the proposed amended pleading are legally deficient. *See* Doc. 242 at 3-6; Dkts. 9 at 1-2; 17 at 4-6.

Plaintiff is just wrong. As pointed out in one of the very orders Plaintiff is appealing, *Foman* expressly recognizes that a court can deny leave to amend based on a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed[.]" 371 U.S. 178, 182, 83 S. Ct. 227, 230; *see* Doc. 243 at 5 (citing *Foman* and collecting cases recognizing this basic principle). That's exactly what happened here. Plaintiff was given five bites at the apple and failed each time to produce an adequate (or even coherent) pleading. Far from showing "clear" or "obvious" errors in the lower court's order, Plaintiff commits one himself.

As another example, Plaintiff's initial brief asserts that his federal and state civil RICO claims were improperly dismissed. Dkt. 38 at 14-16. But under the applicable statute of limitations, any federal claim must have been brought within four years, and the state claim within five. *Rotella v. Wood*, 528 U.S. 549, 553-54, (2000); O.C.G.A. § 16-14-8. As explained above, Plaintiff's claims against QBE are based solely on its issuance of a one-year hazard insurance policy to Bank of America which Plaintiff erroneously calls the "terrorism rider." *See* Doc. **57** at 14, 19; Doc. 2-55. But that policy expired in 2013. *See* Doc. 2-55 at 4. Plaintiff never alleged that Bank of America renewed that policy, presumably because Plaintiff obtained his own insurance coverage for the property. *See generally* Doc. **57**. Thus, even if Plaintiff truly believed that this policy contained a "terrorism rider" that unlawfully discriminated against him and wanted to sue QBE on a theory of RICO

liability, he couldn't wait twelve years to complain about it.[5] The statute of limitations on that claim had long since expired by the time he tried.[6]

Moreover, Plaintiff never had standing to bring these claims against QBE because any "injury" that might have flowed from QBE's decade-expired policy would not have been caused by QBE, but by Plaintiff himself (or a third party) as a result of Plaintiff's failure to insure the property securing his loan with BANA. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019); *see also* Doc. 218 at 32-33 n.20.[7]

Put simply, even if this Court were to apply plain error review and do the work that Plaintiff did not, his AI-inflected appeal of the district court's dismissal of his equally AI-driven complaints falls vastly short of showing clear or obvious error by the district court. For these reasons, this Court should affirm.

---

[5] In his initial brief, Plaintiff argues his federal RICO claim should be allowed to proceed because a 2024 lien notice "inflicted a new, independent property injury" accruing separately from earlier, time-barred events. Appellant's Br. at 15. Assuming *arguendo* this is true, the separate accrual rule would not allow Plaintiff to "bootstrap" QBE's issuance of the 2012 policy onto this new, independent predicate act. *Lehman v. Lucom*, 727 F.3d 1326, 1331 (11th Cir. 2013).

[6] QBE additionally incorporates the arguments set forth in BANA's appellee brief that Plaintiff's federal and state RICO claims are time-barred.

[7] Although not at issue in this appeal, the allegations in Plaintiff's fourth and fifth amended complaints also failed to state a claim against QBE for either discrimination or defamation. *See* Doc. 218 at 38.

## **CONCLUSION**

For the foregoing reasons, Appellee QBE Insurance Corporation respectfully requests that this Court affirm the district court's orders as to QBE.

This 23rd day of February, 2026.

*/s/ Elizabeth Brooks Scherer*
Elizabeth Brooks Scherer
FOX ROTHSCHILD LLP
301 Hillsborough Street, Suite 1120
Raleigh, NC 27603
(919) 755-8700

*/s/ Angela Ransom*
Angela Ransom
FOX ROTHSCHILD LLP
999 Peachtree St., NE, Suite 1500
Atlanta, GA 30309
(404) 658-9726

## **CERTIFICATE OF COMPLIANCE**

In compliance with Federal Rule of Appellate Procedure 32(a)(7)(B)(i), the undersigned counsel hereby certifies that this Brief is typed in 14-point Times New Roman and complies with the type-volume limitation of FRAP 32(a)(7) and contains 3,009 words.

*/s/ Elizabeth Brooks Scherer*
Elizabeth Brooks Scherer